Filed Feb. 28, 1895.

———————◆———————

No. 17,180.

## The Xenia Real Estate Company v. Drook.

Supreme Court Practice.—*Pleading, Sufficiency of.*—No question as to a pleading can be entertained on appeal where the pleading is not before the court.

Same.—*Question Argued not in Record.*—If the question argued is not in the record it can not be entertained on appeal.

Same.—*Burden of Showing Error on Appellant.*—The burden of presenting the error, if any, of the trial court is on the appellant, and this burden can not be discharged by a mere suggestion that if the court will search the record it may find error.

From the Blackford Circuit Court.

*L. D. Baldwin* and *H. Oliver,* for appellant.

*W. H. Trook,* for appellee.

HACKNEY, J.—In the circuit court, the appellee re-covered a personal judgment against the appellant for $10,248.83, and a decree foreclosing a mortgage of certain real estate.

The appellant first objects to the sufficiency of the second paragraph of the appellee's complaint, which paragraph was, on motion of the appellant, stricken out by the lower court. The pleading is not before us, and no question upon it can be entertained. Elliott's App. Proced., section 696.

It is next objected, in argument, that the trial court overruled the appellant's motion to make the third paragraph of complaint more specific as to the description of the land, the mortgage of which was in suit. No reference is made to the record of such motion and ruling. The only motion to make that paragraph more specific, so far as our search of the record has disclosed, was "to make that part   *   *   *   more specific relative to the quitclaim deed,   *   *   especially as to date of deed and filing in recorder's office." It will be seen that the question argued is not in the record, and was not presented to the circuit court. No question can, therefore, be entertained here upon such ruling.

The appellant further complains of the ruling of the court in permitting certain witnesses to answer hypothetical questions as to the value of attorney's services in the collection of the debt sued upon. The first objection is that the questions are "so long and involved that no witness could understand" them. We have read the questions and have discovered nothing objectionable in their form. They are not of great length and are intelligible. The additional objection is made that the questions assume facts not proven. We have no information as to which of the numerous facts stated in the questions the appellant claims there is no proof. We have looked

into the evidence sufficiently to discover that many, if not all, of the facts included in the questions were proven *prima facie*. By this appeal the appellant assumed the burden of presenting the error, if any, of the lower court, and this burden can not be discharged by a mere suggestion that if the court will search, it may find error. The brief for the appellant covers but two written pages, and, as we have shown, discusses two questions not in the record and as to the third question, casts the burden upon the court of finding the error which is stated generally to exist. Marginal notes upon the record are imperfectly made and throughout the bill of exceptions none are made. The evidences that this appeal has been for delay and is without merit have convinced us not only that the judgment of the circuit court should be affirmed, but that we should include additional damages.

The judgment is, therefore, affirmed, with five per centum upon said judgment as appellee's damages.

