## FLETCHER ET AL. v. SOUTHERN.

[No. 6,361.   Filed April 21, 1908.]

1. PLEADING.—*Complaint.—Bill of Particulars.—Office of.*—The object of a bill of particulars is to specify more minutely the claim or defense alleged. p. 554.

2. SAME.—*Complaint.—Goods Sold and Delivered.—Bill of Particulars.*—A complaint alleging that plaintiff sold and delivered to defendant 11,269 feet of poplar lumber at $19 per thousand feet, and —— feet of oak lumber at $14 per thousand feet for common, and $29 per thousand feet for first and second grades, and that all of such lumber was of the value of $333.66, of which $119.55 was paid, leaving a balance due of $214.11, is sufficiently specific without a bill of particulars, and will withstand a demurrer. p. 554.

3. SAME.—*Complaint.—Goods Sold but Not Accepted.—Damages.*—A complaint for goods sold, but not accepted, the title thereto remaining in the seller, entitling him to recover as damages the difference between the market value of said goods and the price agreed upon, is fatally defective if it fails to show the market value of the property when default was made. p. 555.

4. SAME.—*Complaint.—Goods Sold and Delivered.—Title.*—A complaint alleging that plaintiff sold and delivered to defendants at West Baden a certain quantity of oak lumber which was accepted, and that, as a part of the same contract, he delivered a certain amount of poplar lumber to defendants at Willow Valley, which defendants refused to measure and accept, while it shows that the contract was partly, even though not wholly executed, is sufficient on demurrer. p. 555.

5. SAME.—*Complaint.—Sales.—Statute of Frauds.*—A complaint showing that defendants orally contracted to purchase, from plaintiff, lumber of the value of $333.66, and that they received the lumber and paid thereon $119.55, shows such a performance of the contract as to take it out of the statute of frauds. p. 556.

6. EVIDENCE.—*Condition of Lumber One Year After Bulking.*—In an action for the contract price of lumber sold by plaintiff to defendants, and bulked for them, evidence as to the condition of such lumber one year after it was bulked is admissible as tending to show the quality thereof at the time it was bulked. p. 556.

From Martin Circuit Court; *Hiram McCormick,* Special Judge.

Action by Walter Southern against Foster A. Fletcher and another.    From a judgment for plaintiff, defendants appeal.    *Reversed.*

*James T. Rogers,* for appellants.

*Fabius Gwin,* for appellee.

Comstock, J.—Appellee, plaintiff below, brought this action against appellants, doing business under the firm name of Fletcher & Johnson, to recover for lumber alleged to have been sold to them.

The complaint is in three paragraphs.    In the first it is alleged, in substance, that plaintiff sold and delivered to the defendants 11,269 feet of poplar lumber, at and for the price of $19 per thousand feet; that he delivered, at the special instance and request of the defendants at the town of West Baden, Indiana, ——— feet of oak lumber, at the price of $14 per thousand, for commons, and $29 per thousand for firsts and seconds; that all of said lumber was contracted for by the agent of said partnership at Willow Valley, Indiana; that all of said lumber was of the value of $333.66; that the defendants paid to the plaintiff the sum of $119.55, leaving a balance of $214.11 due to the plaintiff; that said lumber was to be paid for when delivered to defendants at Willow Valley, Indiana; that said lumber was delivered at Willow Valley, Indiana, on September 1, 1904, and payment for the same demanded; that said sum of $214.11 is now due, and has been for a long time past.    A bill of particulars, marked exhibit A, is filed herewith and made a part hereof.    Wherefore plaintiff demands judgment.

In the second paragraph of the complaint it is alleged that the defendants purchased of and from the plaintiff the goods, wares and personal property, a bill of particulars of which is filed herewith and made a part hereof, and marked

exhibit A, for an agreed price of $19 per thousand feet for the poplar, log run, with the mill culls out, and $24 per thousand for firsts and seconds oak lumber, and $14 per thousand for commons, oak lumber, which poplar lumber was to be delivered at Willow Valley, Indiana, and the oak lumber was to be delivered at West Baden, Indiana; that, in pursuance of said purchase, the plaintiff delivered to defendants at West Baden, Indiana, ——— feet of firsts and seconds, and ——— feet of common oak lumber, which said oak lumber was by the defendants accepted, and said defendants paid the plaintiff the sum of $——— on account of said sale and purchase of said lumber; that in pursuance of said sale and purchase the plaintiff delivered at Willow Valley, Indiana, 11,269 feet of poplar lumber, which was the full amount of poplar lumber which he sold to said defendants by the terms of said sale, and demanded that defendants accept, measure and pay for said lumber, which they refused and still refuse to do, although frequently requested so to do; that the plaintiff has performed all the conditions of said contract on his part to be performed and has tendered said goods to defendants and demanded payment for the same, which has been refused and is still refused; that said goods are now and have been for more than one year ready to be delivered to the defendants; that there is due the plaintiff from the defendants thereon the sum of $214.11 and interest from September 1, 1904, at the rate of six per cent.   Wherefore he prays judgment.

The third paragraph alleges that on ———, 1904, plaintiff and the defendants, through and by their representative, William Johnson, entered into a verbal contract by which the defendants agreed to purchase from the plaintiff all the oak and poplar lumber that the plaintiff then had or might cut at his sawmill in Orange county, Indiana, at and for the following prices:   Poplar lumber, $19 per thousand feet, log run, with the mill culls out of said lumber, to be by the plaintiff delivered at Willow Valley, Indiana, and

$24 per thousand feet for firsts and seconds of oak lumber, and $14 per thousand feet for the commons, oak lumber, to be delivered at West Baden, Indiana; that by the terms of said contract said lumber was to be delivered at the respective places designated as soon as the same could be done by the plaintiff; that the plaintiff, within a short time, delivered to the defendants at West Baden, Indiana, ——— feet of oak lumber, which was in full of all oak lumber he was to deliver, and demanded payment therefor, and defendants paid plaintiff, in pursuance of said demand, $119.55; that further, in pursuance of said contract, on September 1, 1904, he delivered at the railroad track in Willow Valley, Indiana, 11,269 feet of poplar lumber, which was all the poplar lumber he had, by the terms of said contract, agreed to deliver to said defendants, and demanded payment therefor; that all of said lumber so delivered at Willow Valley was of the grades of log run lumber, with the mill culls out; that the plaintiff, on September 3, 1904, notified the defendants that he had delivered said lumber at the place agreed upon and demanded that the same be received and paid for; that by the terms of said contract for the sale and purchase of said lumber the same was to be paid for in cash at the time of its delivery; that the plaintiff has, on divers occasions, since said September 1, 1904, requested the defendants to receive and pay for said lumber, under the terms of the contract for the sale and purchase heretofore made; that the plaintiff has at all times been ready and willing to comply with all the conditions of the contract, so far as any act was required by him, and so notified the defendants on divers occasions; that had it not been for the contract between him and the defendants he might have sold said lumber for the full amount agreed upon in said contract, but kept the same on hands for delivery in compliance with said contract; that said lumber, if delivered at Willow Valley while the same was green, was not to be "stuck" and cared for by the plaintiff, but was to be "stuck" and cared for by

the defendants, and that when said lumber was so delivered it was not "stuck" and cared for by the plaintiff, but was bulked down in large piles, and said lumber was permitted to remain bulked down in said condition until the present time, and that it has greatly damaged in this, to wit, it has become discolored, rotten, warped and twisted, so that it now has little value as merchantable lumber; that said lumber has decreased in value by reason of the action of the market therefor, and plaintiff could only realize therefor, if said lumber had been properly cared for, $12 per thousand. Wherefore plaintiff has been damaged in the full value of said lumber, to wit, $214, for which he demands judgment.

Defendants' demurrer to each of these paragraphs, for want of facts, was overruled, and the defendants answered in three paragraphs: (1) A general denial; (2) what is denominated a cross-answer; (3) that the lumber furnished was not of the kind, quality, description or dimensions agreed upon. Plaintiff replied by general denial. The cause was submitted to a jury, and upon trial a verdict was returned in favor of the plaintiff for $234, on which judgment was rendered.

The assignment of errors questions the action of the court in overruling defendants' demurrer to each paragraph of the complaint and the overruling of their motion for a new trial.

The objection made to the first paragraph of the complaint is that no bill of particulars is filed with it. The same objection is made to the second paragraph.

1. The office of a bill of particulars is to specify more minutely the claim or defense set up. 1 Thornton's Civil Code, §135.

The paragraph in question alleges in direct terms that the plaintiff sold and delivered to the defendants 11,219 feet of poplar lumber at $19 per thousand feet. A bill

2. of particulars could not have made this item more definite. The averment as to oak lumber is uncer-

tain as to amount, but it is alleged that the defendants paid
$119 on the lumber delivered.   This leaves a balance due on
the poplar lumber, making the paragraph sufficient to with-
stand a demurrer.

Like the first paragraph, the second contains a direct
averment of the quantity and value of certain lumber deliv-
ered.   It was sufficient to withstand the objection as to the
bill of particulars, for the reasons given in passing upon
the first paragraph.   But in addition it is claimed, in be-
half of the defendants, that this paragraph shows that the
contract was an executory one, if in fact it amounted to a
contract, and that if the defendants failed to perform their
part of it they would be liable only for plaintiff's damages,
if he sustained any; that the averment that the plaintiff had
been ready for a year or more to deliver the goods is not
sufficient to entitle him to recover the purchase price, if the
defendants refused to accept the goods; that under the
facts set out the plaintiff would only be entitled to recover
the difference between the market value and the price of the
goods or the lumber at the place and time agreed upon for
the delivery, and as there is no averment showing the market
value of the goods, such as would enable the jury to deter-
mine the damage, this paragraph is insufficient to entitle the
plaintiff to any relief.

If the facts alleged make a case in which the title to the
property had not passed to the purchaser at the time of the
breach, the complaint is fatally defective in failing
3.   to show the market value of the property when the
default was made.   *Ridgley* v. *Mooney* (1896), 16
Ind. App. 362.

The paragraph under consideration alleges the delivery
and acceptance of the oak lumber at West Baden, Indiana.
It avers that the poplar lumber, which was delivered
4.   under the terms of the contract at Willow Valley,
Indiana, to wit, 11,261 feet, the appellants neglected
and refused, and still neglect and refuse, to measure and

accept. As to that portion of the lumber, if the contract may be divided, the contract was only executory, and as to that part of the appellee's claim the complaint would be insufficient, but the paragraph must be considered as a whole. The purchase of the oak and poplar lumber was one transaction, and as to the oak lumber it was executed.

The objection to the third paragraph is that the contract was for more than $50; that no part of the property was delivered at the time to the appellants, no part of the purchase money paid down, no writing or memorandum in writing executed or signed by the appellants, or any person by them lawfully authorized so to do, and the contract was therefore void under the statute of frauds. An acceptance of lumber and a payment thereon was such performance of the contract as took it out of the statute of frauds. There was no error in overruling the demurrers to each paragraph of the complaint.

W. H. Bowers, a witness in behalf of appellants, qualified by experience to testify as to the grade, quality, value and dimensions of lumber, testified to the condition, kind, quality and dimensions of the lumber in controversy. The court struck out all of his testimony, except that as to the width of the lumber. His testimony was based upon his observation of the lumber, made about a year after it had been bulked down. This action of the court is made one of the reasons for a new trial. We think in this ruling the court erred, especially in view of the answer of defendants—"that said lumber in kind, quality, description and dimensions did not comply with and was not such as plaintiff, by his contract aforesaid, agreed to furnish, and for which reason they refused to measure and accept the same."

Judgment reversed, with instructions to sustain appellants' motion for a new trial.