# AYERS *v.* HOBBS.

[No. 6,179.    Filed April 24, 1908.]

1. APPEAL.—*Briefs.*—*Waiver.*—Alleged errors not discussed in appellant's brief, are waived.    p. 577.
2. SAME.—*Briefs.*—*Alleging Errors.*—Specific rulings of the trial court must be set out as the foundation of any question on appeal. p. 578.
3. SAME.—*Excluding Evidence.*—*New Trial.*—No question on the exclusion of evidence can be raised on appeal, unless such exclusion is set out as a reason for a new trial.    p. 578.

Ayers *v.* Hobbs—41 Ind. App. 576.

4. APPEAL.—*Recovery Too Large.—New Trial.*—The amount of recovery can be questioned on appeal, only where made a reason for a new trial.  p. 578.

5. SAME.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence.  p. 579.

6. SAME.—*Instructions.—How Questioned.*—To raise any question on the instructions, on appeal, the appellant must set out the objectionable instructions, or the substance thereof, and point out the errors therein.  p. 579.

7. CONVERSION.—*Measure of Damages.*—Where defendant wrongfully converted plaintiff's wheat to his own use, the measure of damages is the value of the wheat at the time of the conversion, without any deduction on account of the labor bestowed upon it by defendant.  p. 579.

From Howard Superior Court; *B. F. Harness,* Judge.

Action by Wyley J. Hobbs against Jacob M. Ayers. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Blacklidge & Wolf,* for appellant.

*J. W. Cooper* and *Thomas S. Gerhart,* for appellee.

HADLEY, P. J.—Appellee sued appellant for the conversion of one-half of twenty-four acres of wheat belonging to appellee. The complaint is in one paragraph, and avers that on or about June 15 appellee was in possession of twenty-four acres of wheat on the farm of appellant, and appellee as owner was entitled to one-half of the same; that on said date appellant wilfully, tortiously and unlawfully obtained possession of said one-half of said wheat, and unlawfully converted the same to his own use, to appellee's damage in the sum of $250. Prayer for judgment, answer by general denial, trial by jury, and verdict for appellee in the sum of $138.

The errors assigned are that the complaint does not state facts sufficient to constitute a cause of action, and the court erred in overruling appellant's motion for a new 1. trial. No argument is presented on the first assignment of error, and therefore no question is presented for the consideration of this court.

Appellant in his brief has sought to present some question upon the rulings of the court below in the trial of the cause, but does not specify any direct error. He states as his first three propositions under his points and authorities that this case was tried solely upon the theory that the appellant was guilty of a wilful tort or trespass in taking possession of the wheat in question, and that the evidence does not sustain this theory; that the evidence shows that appellant did not commit a wilful trespass, but that he acted in good faith, believing that the wheat was his own; that if he acted in good faith, thinking the wheat was his own, and if there was reasonable ground upon which he could entertain such belief, the damage of the appellee should be reduced by the amount expended by the appellant that was reasonably necessary in taking care of said wheat—and he cites a long list of authorities to sustain these propositions, but does not, either in said points and authorities or in his argument, specify any ruling of the court that contravenes the proposition of law stated, unless it be that the court erred in excluding evidence of the cost of cutting and threshing the wheat in question; but, if the court erred in this particular, it is not presented to this court, for the reason that no such error was specified in the motion for a new trial, and, if the court made such a ruling, it is not therefore subject to review by us.

The propositions of law stated and the argument advanced by appellant are to the effect that the amount of recovery assessed is too large. This is clearly the point made in the three propositions mentioned, but no such objection was made in the court below in the motion for a new trial, and therefore we cannot consider the question here. The only specification in the motion for a new trial which appellant seems to think covers this proposition is that the evidence is insufficient to support the verdict.

But there was evidence, if believed, that fully supported the verdict. The jury evidently believed this testimony to the exclusion of the contrary evidence. This action of the jury we cannot review.

Appellant appears to desire to present some question on the instructions, but the statement in his brief on this question is: "We think the court went wholly wrong in the long list of instructions given, and in informing the jury that if it was appellee's wheat the appellant must pay, and must include the expense to which he had already been in cutting the wheat." Then follows an argument upon the principle involved in these instructions. The objectionable instructions are not in any manner pointed out, and the erroneous ones are not specified. Clearly all the instructions given by the court were not erroneous, and under this general, sweeping charge this court cannot go to the record and select those that it might think were the ones complained of and pass upon them. Appellant sets out in his brief five of the instructions given. It is not claimed that these are all of the instructions given, nor is it anywhere specifically suggested that either is erroneous. And as abstract propositions of law they appear to be correct. Under the well-settled rules of practice in this court no question is presented on the instructions for our consideration. *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489; *Woodard* v. *Dobyzkoski* (1905), 34 Ind. App. 658; *Henderson* v. *Henderson* (1906), 165 Ind. 666. There is therefore no question presented to this court for review by the brief of appellant.

We have, however, considered the general proposition that the cause was tried and damages assessed on the wrong theory, and find that appellant's contention is not sustained. The authorities cited by appellant are not applicable to the case at bar. By the testimony of appellee it appears that he bought the wheat at a specified

price, to be paid when the wheat was delivered at appellant's elevator; that a short time before the cutting of the wheat appellant said to appellee that he was going to cut the wheat himself, and appellee said in reply: "If you do I will sue you." Appellant said: "Sue and be d—d, I will risk it." That he then cut the wheat during the absence of appellee. Appellant denied the sale and the, aforesaid conversation. There was no middle ground, no claim of excuse or misunderstanding on the part of appellant. It is clear, therefore, that if appellee's testimony was true, and the jury could not have found for him without finding that it was, appellant had no reasonable grounds upon which he could entertain the belief that the wheat was his own, or that he acted in good faith in taking the same. This being true, the rules of law laid down by the court in the assessment of damages, to the effect that "the measure of damages was the value of the property at the time it was converted to the appellant's use without any deduction for labor rendered or bestowed upon it by the wrongdoer," was in accord with the authorities of this State, as shown by the following decisions: *Cavanaugh* v. *Taylor* (1891), 2 Ind. App. 502; *Everson* v. *Seller* (1886), 105 Ind. 266, and cases there cited.

Judgment affirmed.