## HITZ ET AL. v. WARNER ET AL.

[No. 6,828.   Filed February 14, 1911.   Rehearing denied May 16, 1911.]

1. PLEADING.—*Substituted Complaint.*—A substituted complaint takes the place of the original complaint; and in the absence of the original, the demurrer to the complaint will be considered as addressed to the substituted complaint. . p. 614.

2. CONTRACTS.—*Warranty.—Breach of.—Complaint.*—A complaint alleging that defendants sold to plaintiffs a car load of potatoes and warranted them to keep in plaintiffs' cellar all winter, that plaintiffs paid therefor, that the potatoes rotted within a month, to plaintiffs' damage, states a cause of action for a breach of warranty.   p. 614.

3. FRAUDS, STATUTE OF.—*Executed Contracts.*—An oral contract for the sale of a car load of potatoes, where the potatoes were delivered, accepted and paid for, is not within the statute of frauds.   p. 615.

4. CONTRACTS.—*Memorandum.—Varying by Parol Evidence.*—An oral contract for the sale of a car load of potatoes, a warranty of the keeping qualities thereof being made, does not merge in a memorandum made by defendants' salesman, which omitted such warranty, where it is shown that plaintiffs never accepted such memorandum and did not know the terms thereof.   p. 615.

5. CONTRACTS. — *Memorandum. — Sufficiency.* — The memorandum "Sold 10/2 Warner & Sons.   600 bu. potatoes, fifty ¢. a bu. f. o. b. Summitville.   Geo. Hitz & Co., by Pringle," does not constitute a contract.   p. 616.

6. EVIDENCE.—*Declarations.—Self-Serving.—Hearsay.* — Conversations, letters, telegrams or other communications between defendants, or between the defendants and their agents, or between defendants and third persons, without the plaintiffs' knowledge, are not admissible in an action by plaintiffs against defendants for a breach of contract.   p. 618.

7. CONTRACTS.—*Varying.—Custom.*—Evidence of a custom of trade, or a system of doing business, is not admissible to vary the terms of a definite contract.   p. 619.

8. CONTRACTS.—*Sales.—Warranty.—Inspection.*—Where a vendor expressly warrants the keeping quality of the potatoes sold, the vendee may rely thereon although opportunity for inspection is given.   p. 619.

9. APPEAL.—*Briefs.—Admitted Evidence.—Setting Out.*—Where the objections to questions are overruled, appellants' brief should

set out the answers thereto, so that the court may be advised of the merits of the ruling.   p. 619.

10.  APPEAL.—*Briefs.—Excluding  Evidence.—Setting  Out.*—Where objections to questions are sustained, appellants' brief should set out the evidence intended to be introduced, and if the testimony appears remote, suggest its relevancy.   p. 619.

11.  CONTRACTS.—*Warranty.—Evidence. — Appeal. —*.Where  plaintiffs testify that defendants' agent warranted the potatoes sold to the plaintiffs to be good, and that they would keep all winter .in plaintiffs' cellar, and defendants' agent denied such statements, the verdict for plaintiffs is conclusive on appeal.   p. 620.

From  Superior  Court  of  Madison  County; *Cassius  M. Greenlee,* Judge.

Action  by  Samuel  Warner  and  another  against  George Hitz and others.  From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*John  W.  Lovett* and *G. B. Slaymaker,* for appellants.
*Bagot & Pence,* for appellees.

FELT, J.—Suit for damages for an alleged breach of a warranty in the sale of personal property resulting in judgment in favor of appellees for $219, from which this appeal is taken.

The errors relied upon are (1) the overruling of a demurrer to each paragraph of complaint;  (2)  insufficiency of the complaint upon the facts alleged;  (3)  insufficiency of the substituted complaint upon the facts alleged;  (4) the overruling of appellants' motion for a new trial.

The original complaint was in two paragraphs, and was lost after the ruling upon the demurrer, and upon order of the court a substituted complaint in one paragraph was filed.

The material averments of the substituted complaint are as follows:  That on or about October 2, 1906, appellants, by one of their agents, offered to sell to appellees a carload of potatoes, consisting of about six hundred bushels, at fifty cents a bushel; that appellants warranted said potatoes to be of good quality, and that they would keep in ap-

pellees' cellar throughout the winter next following the sale; that in consideration of said warranty appellees agreed to accept the potatoes and pay for them upon their delivery at the town of Summitville; that on or about October 8, 1906, appellees received said carload of potatoes, consisting of 565 bushels and, relying upon said warranty, accepted and paid for them; that said potatoes were not of good quality, were not good keepers, but were immature and green potatoes, and did not keep in appellees' cellar and storerooms; that appellees relied upon said warranty— that said potatoes were of good quality—placed them in their cellar, and within four weeks thereafter they decayed and became absolutely worthless, and appellees were compelled to remove them from their cellar; that appellees were not experienced in judging the keeping qualities of potatoes, and the defects which caused said potatoes to rot were not such as were observable by a person of ordinary intelligence, without experience in handling potatoes; that they paid therefor the sum of $282.37, and performed all the conditions of said contract of purchase to be by them performed; that if said potatoes had been of the kind and quality warranted they would have been of the value of the purchase price aforesaid; that on account of said defects they were of no value whatever, and said warranty was thereby broken and appellees were damaged in the sum of $300.

1. The substituted complaint for all purposes of the case stands as the original complaint, and, in the absence of the original complaint, the ruling upon the demurrer will be determined upon the allegations of the substituted complaint.

2. The substituted complaint shows a parol contract for the sale of potatoes, accompanied by an express warranty as to their keeping qualities, the delivery and acceptance of the potatoes, payment therefor by the purchaser, and a breach of the warranty, resulting

in damages. These averments are clearly sufficient to state a cause of action. *Lincoln* v. *Ragsdale* (1893), 7 Ind. App. 354; *Shirk* v. *Mitchell* (1894), 137 Ind. 185, 189; *Aultman, Miller & Co.* v. *Seichting* (1890), 126 Ind. 137; *Jones* v. *Quick* (1867), 28 Ind. 125; *Smith* v. *Borden* (1903), 160 Ind. 223.

The claim that the case is within the statute of frauds cannot be sustained, for the reason that it is well settled

3. that where personal property is sold by parol contract, and the agreement is thereafter executed by the delivery and acceptance of the property and payment therefor, the case, though it may have been originally within the statute of frauds, is, by the execution of the contract, taken out of its operation.

Section 7469 Burns 1908, §4910 R. S. 1881, provides that receipt of part of the property is sufficient to make the contract binding without a written agreement.

The facts averred in this complaint show not only the receipt of "part of such property," but of all the property purchased. The statute of frauds therefore has no application to the case made by the complaint before us. *Fletcher* v. *Southern* (1908), 41 Ind. App. 550; *Barkalow* v. *Pfeiffer* (1871), 38 Ind. 214.

This disposes of all the errors assigned, except the ruling upon the motion for a new trial. Specifications one to four, inclusive, of the motion for a new trial assert that "the damages are excessive," that the decision of the court is not sustained by the evidence, and that it is contrary to law. The other specifications of the motion, to and including the forty-eighth, complain of the rulings of the trial court in the admission and exclusion of certain testimony.

It appears from the evidence that after the parol agreement of sale had been made by appellees and the

4. agent of appellants, that said agent prepared a memorandum and left a copy thereof at appellees' store, which was as follows:

"Sold 10/2. Warner & Sons. 600 bu. potatoes, fifty ¢. a bu. f. o. b. Summitville. Geo. Hitz & Co., by Pringle."

It is contended by appellants that this memorandum is a contract, that all the negotiations preceding it were merged therein, that parol testimony on the subject of the sale of the potatoes was therefore inadmissible, and that the decision of the court, based upon the parol testimony, was erroneous.

If this memorandum can be held to be a contract, and was entered into by the parties with the intention that it should evidence their agreement, then the contention of appellants must be sustained, otherwise a different conclusion must follow.

Does this memorandum contain the essential elements of a contract? It is signed by one of the parties only, says nothing about the quality of the potatoes, the time of delivery or payment. Thus far there can be no dispute; but appellees also assert that the warranty was not only a part of the contract, but was the inducement to the purchase. In speaking of a memorandum sufficient to take a case out of the statute of frauds, our Supreme Court said in the case of *Ridgway* v. *Ingram* (1875), 50 Ind. 145, 146, 19 Am. Rep. 706: "A memorandum, in order to be sufficient within the statute, must state the contract with such reasonable certainty that its terms may be understood from the writing itself, without recourse to parol proof." This was said with reference to the memorandum of a sheriff indorsed on an order of sale, and the court held that it was not warranted in inferring that the sheriff meant the land described in the order, there being no reference in the memorandum to the order of sale or to the real estate therein described.

In the case of *Sprangle* v. *Truelove* (1899), 22 Ind. App. 577, this court said: "Parol evidence cannot be resorted to for the purpose of supplying anything which it lacks to

make it a written agreement containing the essential terms of a sale.''

In the case of *Norris* v. *Blair* (1872), 39 Ind. 90, the question was determined that the memorandum kept by the clerk at a public sale was not sufficient to evidence a contract. See, also, *Lee* v. *Hills* (1879), 66 Ind. 474. *McMillen* v. *Terrell* (1864), 23 Ind. 163; *Telluride Power, etc., Co.* v. *Crane Co.* (1904), 208 Ill. 218, 70 N. E. 322.

Furthermore, the evidence is by no means conclusive that appellees had any knowledge of this memorandum until after the sale was fully consummated, and the potatoes delivered, received and paid for by them.

Pringle testified that after agreeing to the purchase, Warner asked for a copy of the contract, and was given this memorandum. That he asked for a copy of the agreement or had any knowledge of this memorandum at the time of the sale, is denied by Warner. It is not claimed that the clerk, Leonard Lawrence, who, with Warner, made the purchase, had any thing to do with or knowledge of this memorandum at the time. The testimony leads us to conclude that Pringle, the agent of appellants, after the sale was agreed upon made the memorandum and left it at appellees' store, but that appellees had no knowledge of it at the time, and that it was not the mutual agreement of the parties evidencing the contract.

Appellants have cited *Northern Supply Co.* v. *Wangard* (1904), 123 Wis. 1, 100 N. W. 1066, in support of their contention that the memorandum is sufficient to evidence a contract, and that as it contains no warranty appellees are bound by their inspection and acceptance of the potatoes.

The memorandum shown in that case is somewhat similar to the one in this case, but it contained at the bottom thereof this provision: ''Will order out.'' The memorandum was dated October 6, and on October 11 the purchaser, by letter, directed that 600 bushels of potatoes be

sent to him in accordance with the memorandum, and specified that he should have good potatoes. The memorandum was signed by the seller, and the letter, by the purchaser of the potatoes, and the two instruments were of necessity construed together, and when so construed contained more of the essentials of a contract than the memorandum in this case.

We hold that this is a suit for damages for the breach of a contract containing an express warranty as to the keeping qualities of the potatoes sold, and that the memorandum was not a contract between the parties, and consequently parol testimony as to the terms and execution of the agreement between the parties was proper.

This conclusion makes it unnecessary for us to consider the question of implied warranty, and also disposes of many of the objections to the admissibility of testimony, and many of the questions arising upon the exclusion of certain testimony offered by appellants.

The objections to testimony offered are numerous, and need not be considered in detail. The following well-established propositions of law, together with our views of this case already announced, dispose of most of the questions relative to the evidence.

Conversations, letters, telegrams or other communications between appellants, or between appellants and their agents, or between appellants and third persons, without the knowledge of appellees, for the purpose of this case, must be held to be hearsay evidence, in the nature of self-serving declarations, and not admissible against appellees. *Goode* v. *Elwood Lodge, etc.* (1903), 160 Ind. 251; *Kellener* v. *Phillips* (1902), 29 Ind. App. 100; *George* v. *Hurst* (1903), 31 Ind. App. 660; *Meyer* v. *Bell* (1878), 65 Ind. 83; *Moelering* v. *Smith* (1893), 7 Ind. App. 451.

Evidence of a custom or usage may be admitted to explain what is ambiguous, but not to vary a contract which

is plain and definite in its terms. In this case evi-

7. dence of a custom, or a system of doing business in the line of trade carried on by appellants, cannot control, and is immaterial, for the reason that the alleged contract was definite and clear in its terms, embracing an express warranty which could not be varied or supplemented by a trade custom. Ewbank, Ind. Trial Ev. §545; *Louisville-Cincinnati Packet Co.* v. *Rogers* (1898), 20 Ind. App. 594; *Lupton* v. *Nichols* (1902), 28 Ind. App. 539; *Seavey* v. *Shurick* (1887), 110 Ind. 494; *Atkinson* v. *Allen* (1868), 29 Ind. 375; *Spears* v. *Ward* (1874), 48 Ind. 541.

Where a seller expressly warrants the property sold, and the goods are received and paid for, the purchaser

8. may rely upon his warranty, though he also had the opportunity of inspecting before accepting the goods. *First Nat. Bank* v. *Grindstaff* (1873), 45 Ind. 158; *Shordan* v. *Kyler* (1882), 87 Ind. 38.

While we are not basing this opinion upon the proposition, many of the alleged errors in the admission of evidence are not available, for the reason that the

9. briefs of appellants' counsel fail to comply with the rule requiring that the answers to questions be set out where objections were interposed and overruled, to the end that this court may be advised in its rulings. *Indianapolis Traction, etc., Co.* v. *Romans* (1907), 40 Ind. App. 184; *Illinois Cent. R. Co.* v. *Cheek* (1899), 152 Ind. 663; Ewbank, Ind. Trial Ev. §286.

If error is predicated upon the exclusion of evidence, the briefs should set out the question asked, and also show what the answer was expected to prove, and if the

10. testimony is remote and inferential its relevance must be suggested. *Russell* v. *Stoner* (1897), 18 Ind. App. 543; *Huggins* v. *Hughes* (1895), 11 Ind. App. 465; *Higham* v. *Vanosdol* (1885), 101 Ind. 160; *Williams* v. *Chapman* (1903), 160 Ind. 130.

We have carefully considered all the objections to the admission and exclusion of evidence, and conclude that appellants were not harmed by any ruling of the court upon the evidence, and that no available error is shown by the record. No good purpose can be subserved by separately taking up the questions on the evidence and applying the rules of law thereto. The objections of serious import are of necessity determined by the conclusion reached as to the sufficiency of the complaint, the character of the contract, the memorandum of the sale and the statute of frauds.

The principal contention upon the evidence was on the subject of warranty. Warner and Lawrence both testified, in substance, that they refused to purchase because they thought it was too early to buy potatoes for storage, for fear they would not keep; that thereupon Pringle said they were good potatoes, and that he would warrant them to keep in appellees' cellar all winter; that thereupon Warner said if he warranted them to keep he would buy them, and immediately thereafter Pringle accepted the terms and telephoned the order to appellants. This evidence was denied by Pringle, and his testimony was to the effect that appellees were to inspect the potatoes when received, and either accept or reject them. This is the substance of the testimony upon the subject of warranty, and we cannot, upon such showing, disturb the decision for insufficiency of the evidence, nor can we say that the damages assessed are excessive.

The decision is fully warranted by the law. Judgment affirmed.