## SULLIVAN *v.* HOOPENGARNER.

[No. 7,368.    Filed December 7, 1911.]

1. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence.   p. 55.

2. APPEAL.—*Briefs.—Failure to Show Error in Giving or Refusing Instructions.*—Where appellant in presenting his brief alleged errors in refusing requested instructions stated generally that such instructions were applicable to the issues, necessary for the guidance of the jury, and should have been given, following such statement with a citation of authorities on the points that parties have a right to demand specific instructions applicable to the issues and to the evidence, parties desiring special instructions must prepare them and request that they be given, and that it is the duty of the court to give instructions that are applicable to the issues and to the evidence, no question is properly presented on such instructions, a specific, affirmative showing of prejudicial error being required from the appellant.   p. 56.

3. APPEAL.—*Right Result.*—Where a right result was reached, the judgment below will be affirmed.   p. 58.

From Knox Circuit Court; *Orlando H. Cobb,* Judge.

Action by Jacob L. Sullivan against Jacob Hoopengarner. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*S. M. Emison* and *Willoughby & House,* for appellant.
*C. B. Kessinger,* for appellee.

Ibach, P. J.—Appellant sued appellee for damages, alleged to have been suffered by reason of appellee's failure to plant in corn and tend properly certain land during the season of 1907. Appellant's claim is that he and appellee entered into an oral agreement, whereby appellee was to plant in corn 150 acres of appellant's land, paying to appellant half the crop raised, but that appellee planted only 100 acres of the land so rented, and did not properly tend the portion that was planted. Appellee answered appellant's complaint by two paragraphs, the first, a general denial; the second admitted renting the land, as alleged in the complaint, but averred, as a defense, that said land was low, wet bottom land, subject to overflow; that in the spring of 1907 he began work on the land as soon as it was seasonable, but that the season was rainy and wet, and that he was so hindered by heavy rains and high water that he was unable to place the entire ground in corn, but farmed all that it was possible for any good husbandman to place in crops during said season; that he used all diligence and care to tend said crops in as good, husbandlike manner as the season would permit, and fully performed his part of the agreement, so far as it was possible on account of said rainy season. Appellant replied in general denial.

The case was twice tried by a jury, and each time a verdict for appellee was returned.

The first error assigned is that the verdict is not sustained by sufficient evidence. Appellant contends that the evidence leaves no doubt that the contract of rental

1. was made, while it fails to sustain the affirmative defense of the second paragraph of appellee's answer. We have examined all the evidence, and find that it is conflicting; that there is some evidence showing that appellee did not, as alleged in the complaint, rent a definite amount

of ground, but was simply to plant as much land in corn as he was able, with his help, teams and implements. There is abundant evidence supporting appellee's second paragraph of answer. We must reiterate the well-known principle, that this court cannot weigh evidence, and that when there is some evidence to support the verdict or finding of the lower court, such verdict or finding will not be disturbed.

By failure to argue, appellant, under the rules of the Supreme and the Appellate Courts, has waived the error assigned in the giving of certain instructions on the 2. court's own motion, and in refusing to give certain instructions at the request of appellant. Appellant in his brief, in discussing these instructions, shows no specific reason why they should or should not have been given. For instance, in attempting to discuss the refusal to give said instructions at the request of appellant, he says: "These instructions were applicable to the issues and the evidence in the cause, and were necessary to be given in order that the jury should have an understanding of the law as applied to the issues and the evidence in the cause. Each of said instructions should have been given." He then cites authorities on the following points: (1) "Parties have a right to demand that specific instructions shall be given to the jury applicable to the issues and evidence in the case." (2) "Parties desiring special instructions to be given to the jury must prepare them, and request that they be given to the jury." (3) "It is the duty of the court to give to the jury such instructions as are applicable to the evidence and admissible under the issues, and to see that they are couched in such language as not to be misunderstood by the jury in applying the law to the facts as it may find them from the evidence." We cannot dispute these general propositions, but citing authorities on such general points does not bring the instructions before us for consideration. Counsel have not stated reasons why the instructions were applicable to the issues and the evidence, and have advanced their case no

further by their citation of authority than by the mere statement that the instructions were so applicable. ''Where a ruling is asserted to be erroneous the party making the assertion must overcome the presumption that it was correct, and that this he cannot do otherwise than by specifying the particular error which invalidates the ruling.'' Elliott, App. Proc. §445. ''By this appeal the appellant assumed the burden of presenting the error, if any, of the lower court, and this burden cannot be discharged by a mere suggestion that if the court will search, it may find error.'' *Xenia Real Estate Co.* v. *Drook* (1895), 140 Ind. 259. ''Defects which are not apparent from a bare statement, must be specifically pointed out by counsel.'' *Tucker* v. *Sellers* (1892), 130 Ind. 514, 516. A brief, which said of certain instructions that they fell far short of presenting to the jury the law of the case as it was well established by repeated decisions of the Supreme Court, waived the question of error in their giving. *City of Anderson* v. *Neal* (1882), 88 Ind. 317, 320. In the case of *Powers* v. *State* (1882), 87 Ind. 144, counsel argued that certain instructions given were wrong, making certain general statements in relation to the instructions as a whole, and citing authorities to support such general statements. The court said: ''In what the instructions fell short, or in what way they misled the jury, is not stated. We cannot search through the record for error, on general statements that error is contained in it. Errors not specifically pointed out with some kind of argument are deemed waived.'' In the case of *Cooper* v. *Robertson* (1882), 87 Ind. 222, it is said: ''The appellants, in their brief, say that the court should have rendered judgment for them upon the special findings of the jury, but do not indicate why it should have been done. Under these circumstances, they cannot expect us to examine the question.'' In the case of *Broderick* v. *Pittsburgh, etc., R. Co.* (1911), 47 Ind. App. 224, the following language is used: ''Unless some specific objection is made, showing in what

respect an instruction complained of is erroneous, or why an instruction requested should have been given, this court may deem the objection waived, and pass it without consideration or discussion.'' In the case at bar, appellant has undoubtedly waived any error that may exist in the giving and refusing to give the instructions before mentioned, for in no manner has he shown particularly and specifically why they are applicable or inapplicable to the issues and the evidence.

For further authorities on what constitutes argument of an alleged error, see *Liggett* v. *Firestone* (1885), 102 Ind. 514; *Chicago, etc., R. Co.* v. *Barnes* (1894), 10 Ind. App. 460; *Smith* v. *McDaniel* (1892), 5 Ind. App. 581, and cases cited; *Bonnell* v. *Shirley* (1892), 131 Ind. 362; Ewbank's Manual §188; 1 Thornton's Ann. Civil Code pp. 9, 13, notes to rules 22 and 26 of Supreme and Appellate courts.

Although the objections made by appellant to the instructions given by the court on its own motion are of such a general and imperfect character as to impress us with

3.  the thought that no specific objection was apparent to any of them, nevertheless we have carefully examined said instructions, as well as all of the other instructions given, and while it is evident that there is some loose and careless language in at least one of them, yet, when taken in connection with the evidence and the remaining proper instructions given, we are unable to discover any error that would warrant us in reversing the case. Notwithstanding appellant's waiver, we have examined the instructions refused, and conclude that the court was right in refusing them.

The record discloses the fact that there have been two trials of this cause, and the same result reached both times, and there is nothing to indicate that another or many more trials, would produce any other or different result.

Section 700 Burns 1908, §658 R. S. 1881, provides that no judgment shall be ''reversed, in whole or in part, * * *

where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below.'' This statute we apply with full force to this case.

Judgment affirmed.