## THE GERMAN FIRE INSURANCE COMPANY v. ZONKER ET AL.

[No. 8,404.   Filed January 22, 1915.]

1. APPEAL.—*Assignment of Errors.*—*Waiver.*—An assignment of error questioning the sufficiency of the complaint is waived by appellant's failure to set out the complaint or its substance in the brief, or to state any point or proposition in relation thereto. p. 698.

2. APPEAL. — *Record.* — *Instructions.* — *Delay in Correcting Transcript.*—*Waiver of Right.*—Where an imperfect attempt was made to bring the instructions into the record pursuant to §561 Burns 1914, Acts 1907 p. 652, and appellant's attention was called to the defect by appellees' briefs, and appellant in its reply brief asserted its satisfaction with the condition of the record, and remained content therewith until the day fixed for oral argument of the cause, which was approximately nineteen months after appellees' brief was filed, and almost three years from the time the transcript was filed, whatever right appellant had to a correction of the transcript on a writ of *certiorari* was waived. p. 698.

3. APPEAL.—*Record.*—*Right to Correct.*—*Waiver.*—Parties desiring to correct a record must exercise reasonable diligence, and on failure to do so, the right is waived.   p. 701.

4. APPEAL.—*Record.*—*Certiorari.*—*Briefs.*—Appellant's application for a writ of *certiorari* will be denied as useless, where its briefs are so defective as not to present any question arising on the part of the record sought to be supplied by such writ, and it is too late to permit an amendment of such briefs.   p. 701.

5. APPEAL. — *Questions Reviewable.* — *Instructions.* — *Briefs.* — No question is presented on the instructions by appellant's briefs, where it does not appear therefrom that any exceptions were taken to the giving or refusal of any particular instruction, and no specific reason is presented to show error in the giving of any particular instruction.   .p. 701.

German Fire Ins. Co. *v.* Zonker—57 Ind. App. 696.

6. APPEAL.—*Presenting Questions for Review.—Instructions.—Exceptions.—Duty to Show Error.*—To present any question on the instructions, it must appear that exceptions were taken to the giving or refusal of each of the instructions complained of, and the error in each must be definitely pointed out.  p. 701.

7. APPEAL.—*Questions Reviewable.—Motion for New Trial.—Briefs.*—No question is presented on the overruling of the motion for new trial where no proposition or point applicable to any definite question arising on such ruling is set out in appellant's brief.  p. 702.

8. APPEAL.—*Briefs.—Points and Authorities.*—Mere abstract statements of law or fact, or both, though contained in appellant's points or propositions, are insufficient to present any question unless applied specifically to some particular ruling or action of the court.  p. 702.

9. APPEAL.—*Rules of Court.—Effect.*—Rules of court have the force and effect of law and are binding alike on litigants and the courts, and while the court on appeal will accept a substantial compliance as sufficient, it cannot overlook a total disregard thereof.  p. 703.

10. APPEAL.—*Questions Reviewable.—Admission and Exclusion of Evidence.—Briefs.*—Appellant's brief presents no question on the admission or exclusion of evidence in the absence of any showing therein that any objection was made, or what the ground of objection was, and in the absence of any attempt to direct the court to the testimony of any witness, or to apply any proposition of law to any definite question sought to be raised.  p. 703.

11. APPEAL.—*Review.—Misconduct of Counsel.*—Alleged misconduct of counsel did not constitute reversible error, where it was shown that the court on request of appellant admonished the jury with reference thereto, though not to the extent requested, especially in view of the evidence, and in the absence of a motion to withdraw the submission of the case from the jury.  p. 704.

12. APPEAL.—*Review.—Evidence.—Sufficiency.*—In an action on a fire insurance policy, where the controverted questions related mainly to the charge that plaintiff set fire to and burned his building, a verdict for plaintiff was sustained by the evidence, notwithstanding the evidence in support of such charge, where there was ample evidence to refute it.  p. 704

From Superior Court of Allen County; *Carl Yaple,* Judge.

Action by William A. Zonker against The German Fire Insurance Company and others. From the judgment rendered, the defendant named appeals. *Affirmed.*

*Merrill Moores, Walter Myers, Vesey & Vesey* and *Hubert E. Hartman,* for appellant.

*Link & Atkinson, F. E. Zollars, J. H. Rose* and *Elmer Leonard,* for appellees.

Felt, J.—This suit was brought in the Dekalb Circuit Court by William A. Zonker against The German Fire Insurance Company of Indiana, Edward Zonker and Jacob Perkins, guardian of Peter Reinoehl, a person of unsound mind, to recover on a fire insurance policy and to settle certain claims relating to mortgages on the property insured. The venue was changed to the Allen superior court where issues were formed and a trial had which resulted in a verdict for the plaintiff in the sum of $5,138; for the cross-complainant Edward Zonkers in the sum of $925, and for the cross-complainant Jacob Perkins, guardian, in the sum of $183. Over appellant's motion for a new trial, judgment was rendered on the verdict, from which this appeal was taken.

Appellant assigns as error, that the amended complaint does not state facts sufficient to constitute a cause of action and that the court erred in overruling its motion for a new trial. Appellant has not set out the complaint, nor

1. stated its substance, in its brief, nor has it stated any point or proposition relating thereto or in any way shown its insufficiency. Any objection to the sufficiency of the complaint, is therefore waived.

No attempt was made to bring the instructions into the record by bill of exceptions, but appellant evidently undertook to do so in pursuance of the act of 1903 as

2. amended by Acts 1907 p. 652, §561 Burns 1914. The record contains the following entry: "And said jury having heard the arguments of the respective counsel herein, and having been duly instructed by the court, all of which instructions requested, whether given or refused, and all instructions given by the court on its own motion, are now

filed with the clerk of the court at the close of the instructions herein to said jury, and are in these words.'' Following this entry in the transcript the clerk has set out the instructions given by the court of its own motion but has not set out those requested by the parties.

The transcript was filed in this court on January 29, 1912, and appellant filed its brief on September 30, 1912. On May 5, 1913, appellees filed their briefs and petition for oral argument. In this brief appellees pointed out that appellant had not complied with the rules of the court in preparing its brief so as to present any question relating to the motion for a new trial, and also showed that the instructions had not been brought into the record; that only instructions Nos. 1 to 6, given by the judge were filed with the clerk and properly in the record; ''that the record does not disclose that the instructions claimed to have been tendered by the appellees were ever in fact filed with the clerk'' that ''before instructions can be brought into the record under this statute it is an essential prerequisite that they must be filed with the clerk, and this fact must be affirmatively disclosed by the record.'' Under points and authorities appellee restated the foregoing propositions and cited numerous decisions in support thereof, among which are the following: *Indianapolis, etc., Transit Co.* v. *Walsh* (1909), 45 Ind. App. 42, 90 N. E. 138; *Thieme & Wagner Brew. Co.* v. *Kessler* (1911), 47 Ind. App. 284, 94 N. E. 338; *Muncie, etc., Traction Co.* v. *Hall* (1909), 173 Ind. 95, 89 N. E. 484; *Indianapolis, etc., R. Co.* v. *Ragan* (1909), 171 Ind. 569, 86 N. E. 966.

On November 5, 1913, appellant filed its reply brief in which it asserts that appellees' brief deals in ''sophistry'' and ''technicalities'', and states that ''appellant insists that it has complied in all fairness and good faith with the rules of this court, and such a substantial conformity entitles it to a hearing, on the merits'', and in support of this position cites the following: *Kirk* v. *Macy* (1913), 53 Ind. App.

17, 101 N. E. 108; *Berkey* v. *Rensberger* (1912), 49 Ind. App. 226, 96 N. E. 32; *Inland Steel Co.* v. *Harris* (1911), 49 Ind. App. 157, 95 N. E. 271; *Geisendorff* v. *Cobbs* (1911), 47 Ind. App. 573, 94 N. E. 236. It will be found on examination that all of the cases cited by appellant deal with briefs which evidenced a substantial compliance with the rules of the court and that none of them decide the point in reference to the requirements of the statute under which it undertook to bring the instructions into the record.

The case was distributed prior to December 1, 1914, and was set for oral argument on that date, and on the same day appellant filed its petition for a *certiorari*, in which it states that only the instructions given by the court on its own motion are properly in the transcript, and that the instructions requested by the parties are omitted therefrom, and requests that the writ issue directing the clerk to duly certify said instructions to this court, and to correct an alleged error in the transcript where it states "Defendants submit written instructions with the request that the same be given to the jury by the court herein, in these words: (Motion not on file)". Appellant's attention was specifically called to the condition of the record in regard to the instructions in May, 1913, by appellees' briefs, and in November following it asserted its satisfaction with the record and briefs and took no steps to correct either until December 1, 1914, about nineteen months subsequent to the time its attention was so called to the fact that the instructions were not in the record, and almost eleven months subsequent to the filing of its reply briefs as aforesaid. On this record we hold that appellant has waived any right it may originally have had to correct the transcript, by extreme delay both before and after its attention was called to the condition of the transcript, and by the further fact that when its attention was called thereto it asserted its satisfaction therewith in its reply briefs.

Where parties desire to correct a record found defective,

it is their duty to use reasonable diligence in so doing and failing so to do they waive such right. This rule is especially applicable where a party, after having his attention called to the defect and to decisions bearing thereon, expressly affirms his satisfaction with the record as presented and for a long time thereafter takes no steps to correct the same. Elliott, App. Proc. §208; *Bannister* v. *Allen* (1825), 1 Blackf. *414; *Kesler* v. *Myers* (1873), 41 Ind. 543, 555; *Schrichte* v. *Stites' Estate* (1891), 127 Ind. 472, 26 N. E. 77, 1009. For the foregoing reasons the motion for a *certiorari* is overruled. Furthermore, in the case at bar, the court could not at this late date permit the amendment of the briefs, even if it granted the writ of *certiorari,* and without amendment the briefs are insufficient to present any errors relating to the instructions. *Turner* v. *Hartman* (1912), 49 Ind. App. 224, 97 N. E. 19; Ewbank's Manual §210.

It is not shown that any exceptions were taken to the giving or the refusal of any particular instruction, and no specific reason is presented to show error in the giving of any particular instruction. Under the heading, ''what the issues were'', it is stated that ''the defendant insurance company also tendered certain instructions which were refused, and exceptions were taken at the time'' and that exceptions were taken to the instructions given by the court of its own motion, but the exceptions are not shown, nor does it appear to what instructions they were taken. Such general statements regarding the exceptions are insufficient. *Fairbanks* v. *Warrum* (1914), 56 Ind. App. 337, 104 N. E. 983; *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 252, 80 N. E. 538; *Ayers* v. *Hobbs* (1908), 41 Ind. App. 576, 579, 84 N. E. 554. To present any question relating to an instruction it must appear that an exception was taken to the particular instruction of which complaint is made, and it must be definitely pointed out wherein the instruction is erroneous, indefinite or uncer-

tain. Likewise, if the alleged error consists in the refusal of an instruction tendered, it must be definitely pointed out wherein such refusal was error. *Catterlin* v. *City of Frankfort* (1881), 87 Ind. 45, 55; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 460, 78 N. E. 1033; *Sullivan* v. *Hoopengarner* (1911), 49 Ind. App. 54, 56, 96 N. E. 620; *Cleveland, etc., R. Co.* v. *Bowen* (1913), 179 Ind. 142, 100 N. E. 465.

In appellant's briefs no proposition or point is stated and applied to any definite question arising on the overruling of the motion for a new trial. Under "Points and
7. Authorities" in appellant's briefs, no reference is made to any error in the giving or the refusal of any instruction, nor can it be ascertained from the points or propositions stated that appellant claims that error was committed in the giving or the refusal of instructions. Under numerous authorities this constitutes a waiver of any error in respect to the instructions, and the appellant can not thereafter raise or present such questions. *New* v. *Jackson* (1912), 50 Ind. App. 120, 123, 95 N. E. 328; *Kaufman* v. *Alexander* (1913), 180 Ind. 670, 672, 103 N. E. 481; *Wellington* v. *Reynolds* (1912), 177 Ind. 49, 55, 97 N. E. 155; *Leach* v. *State* (1912), 177 Ind. 234, 239, 97 N. E. 792; *Bader* v. *State* (1911), 176 Ind. 268, 94 N. E. 1009; *Schondel* v. *State* (1910), 174 Ind. 734, 739, 93 N. E. 67; *Town of Windfall City* v. *First Nat. Bank* (1909), 172 Ind. 679, 691, 87 N. E. 984, 89 N. E. 311; *Kelly* v. *Bell* (1909), 172 Ind. 590, 599, 88 N. E. 58; *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 252, 80 N. E. 538; *Indianapolis Traction, etc., Co.* v. *Gillaspy* (1914), 56 Ind. App. 332, 105 N. E. 242.

Mere abstract statements of law or fact, or both, though contained in appellant's points or propositions are insufficient to present any question unless applied spe-
8. cifically to some particular ruling or action of the court. *Curry* v. *City of Evansville* (1914), 54 Ind. App. 143, 104 N. E. 978; *Chicago, etc., R. Co.* v. *Dinius*

(1913), 180 Ind. 596, 627, 103 N. E. 652; *Leach* v. *State, supra,* 240.

Rules of court when duly authorized and promulgated, have the force and effect of law and are binding alike on litigants and the courts. The court will accept a good

9. faith effort to comply with the rules where substantial compliance is shown, but it is not at liberty to wholly disregard such rules in particular instances for the accommodation of litigants who, either inadvertently or neglectfully, have failed to prepare their briefs in substantial compliance therewith. *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30, 33, 93 N. E. 678; *Griffith* v. *Felts* (1913), 52 Ind. App. 268, 269, 99 N. E. 432; *Magnuson* v. *Billings* (1899), 152 Ind. 177, 52 N. E. 803; *Schrader* v. *Meyer* (1911), 48 Ind. App. 36, 95 N. E. 355; *Howard* v. *Adkins* (1906), 167 Ind. 184, 186, 78 N. E. 665.

The only suggestion in the "Points and Authorities" as to error in relation to the admission of evidence is in point 8 where it is stated in general terms that it is error to

10. admit in evidence the contents of a letter or a copy thereof "when it has not been shown that the testifying witness made diligent search for the same". But it is not shown that any objection was made, the ground of the objection, if any, is not stated, nor is there any attempt to direct the court to the testimony of any witness, or to apply the proposition of law to any definite question or exception on which error is predicated. No question is therefore presented as to the admissibility, or exclusion, of any evidence. *American Fidelity Co.* v. *Indianapolis, etc., Fuel Co.* (1912), 178 Ind. 133, 98 N. E. 709; *Lake Erie, etc., R. Co.* v. *Shelley* (1904), 163 Ind. 36, 47, 71 N. E. 151; *Vandalia R. Co.* v. *Keys* (1910), 46 Ind. App. 353, 369, 91 N. E. 173; *Hitz* v. *Warner* (1911), 47 Ind. App. 612, 619, 93 N. E. 1005.

In "Points and Authorities" appellant states legal propositions and cites authority relating in a general way to misconduct of counsel in argument. This alone is insufficient

to present any question; but considering all that is shown in the briefs of both appellant and appellee, and giving appellant the benefit of the doubt, we may consider the question on its merits on the theory that appellee has supplied enough of the omissions and sufficiently recognized the question as presented to enable us to pass upon it. It is shown that at the request of counsel for appellant, the court admonished the jury and directed it as to what should be and what should not be considered, and that appellant's motion for further admonition was overruled. Some of the statements of counsel were extreme and very pointed, but the evidence was of such character as to give a wide latitude for inferences as to the motives and conduct of some of the witnesses and officers of appellant. There was no motion to withdraw the submission of the case from the jury, and considering the evidence and the admonition of the court to the jury, we can not say that any reversible error is shown in regard to the alleged misconduct of counsel in argument. *Vandalia Coal Co.* v. *Price* (1912), 178 Ind. 546, 557, 97 N. E. 429; *Cleveland, etc., R. Co.* v. *Hadley* (1908), 170 Ind. 204, 214, 82 N. E. 1025, 84 N. E. 14, 16 L. R. A. (N. S.) 527, 16 Ann. Cas. 1; *Williams* v. *State* (1907), 169 Ind. 384, 387, 82 N. E. 790; *Thomas Madden, Son & Co.* v. *Wilcox* (1910), 174 Ind. 657, 668, 91 N. E. 933; *Holliday & Wyon Co.* v. *O'Donnell* (1913), 54 Ind. App. 95, 101 N. E. 642.

It is also argued that the verdict of the jury is not sustained by sufficient evidence. Considering the evidence set out in appellee's brief in connection with that which is set out in the brief of appellant, we hold that the briefs are sufficient to enable the court to determine the sufficiency of the evidence to sustain the verdict. The controverted questions mainly relate to the charge of appellant that appellee, William A. Zonker, set fire to and burned his building, and to the value of the building and contents. Conceding without deciding, that there is evidence to sup-

port the charge that appellee burned his property, there was nevertheless ample evidence to refute it. The evidence to establish the charge consisted of circumstances and an alleged admission made to certain persons, detectives, under circumstances that gave ample room for disputation as to whether the alleged confession of guilt was in fact made. The evidence as to value was conflicting but there is no failure of proof on the subject. There is evidence to support the verdict. No reversible error is pointed out. Judgment affirmed.

NOTE.—Reported in 108 N. E. 160. As to misconduct of attorney at trial and its effect, see 9 Am. St. 559, 100 Am. St. 689.