## HENLINE v. JACOBY ET AL.

EVIDENCE.— *Cross-Examination.—Statements to Witness by One Party, in Absence of the Other.*—In an action to recover for goods alleged to have been furnished, at the request of the defendant and on his promise to pay therefor, to a third person, wherein the latter testified that he had purchased the goods on his own personal credit, it is not error either to cross-examine him, or to introduce original evidence, as to whether or not, prior to receiving the goods, the plaintiff had informed him, in the absence of the defendant, that he could not, but that the defendant could, have the goods on credit.

SUPREME COURT.— *Weight of Evidence.*—Where there is evidence tending to support a verdict, the Supreme Court, on appeal, will not disturb it on the mere weight of evidence.

From the Allen Circuit Court.

*R. Lowry, R. S. Robertson, E. O'Rourke* and *M. V. B. Spencer*, for appellant.

*J. Morris* and *W. H. Withers*, for appellees.

NIBLACK, J.—George Jacoby and Sebastian Wiegand sued Michael Henline, upon an account for lumber sold and delivered.

The defendant answered :

1. In general denial ;

2. Payment.

The plaintiffs replied, denying the payment.

A trial by the court resulted in a finding and judgment for the plaintiffs, for the full amount of their account.

The lumber was delivered to one Yager, a brother-in-law of the defendant, and the only contest was, as to whether it was sold to Yager or the defendant.

Wiegand testified that Henline and Yager came to the plaintiffs' office together ; that Henline paid him a balance which he owed the plaintiffs on a lumber account, and told him, Wiegand, that Yager wanted some lumber, and to let Yager have lumber and charge it to him, Henline ; that he, Henline, would pay for the lumber after harvest ; and that thereupon plaintiffs let Yager have the lumber sued for.

Jacoby testified that the items and prices in the bill of

particulars accompanying the complaint were correct, but that he did not know to whom the lumber was sold.

He also testified, over the objection of the defendant, that, the Sunday before the lumber was sold, he told Yager, when Henline was not present, that he, Jacoby, would not let him have the lumber, but that he would let Henline have it if he wanted it.

Henline, in his testimony, admitted going with Yager to the plaintiffs' place of business, and having paid at that time a small balance against him on a bill of lumber, but denied that he had ever purchased the lumber in suit, or that he had authorized or directed Wiegand to charge it to him ; and said that he simply told Wiegand, at the time, that Yager wished to purchase some lumber.

Yager testified as a witness on behalf of the defendant, and corroborated the defendant in his version of the conversation between him and Wiegand, at the time referred to by Wiegand ; said that he stood close by at the time, and heard all that was said at that conversation, and that Henline did not tell Wiegand to charge the lumber to him, nor did Henline agree to pay for the lumber ; and that he, Yager, bought the lumber in suit, and was willing to pay for it.

The plaintiffs, on cross-examination of Yager, inquired of him, if, the Sunday before the purchase of the lumber, Jacoby did not tell him that he, Jacoby, would not let him, Yager, have the lumber, but would let Henline have it if he wanted it; and, over the further objection of the defendant, Yager answered that Jacoby did tell him so at the time named.

Another witness by the name of Jacoby testified, that he was a carpenter, and had used the lumber for which this action is prosecuted, in building a house since occupied by Yager ; and that Yager had paid him for building the house, all except seventy-six dollars.

This, we think, in a brief but substantial form, embraces all the evidence given in the cause.

At the proper time the defendant interposed a motion for a new trial, which was overruled by the court, and the only error assigned here is upon the overruling of that motion.

Henline very earnestly contends that the court below erred in permitting the plaintiff, Jacoby, to testify to the conversation he had with Yager the Sunday before the lumber was sold, in which Yager was informed that he could not get the lumber, but that Henline could if he wanted it, upon the ground that Henline was not present when that conversation occurred, and could not be bound by it.

We do not think that the conversation thus testified to by Jacoby tended in any way to bind Henline. It appears to us to have constituted a circumstance, merely, which was proper to be considered, in connection with the subsequent conduct of all the parties to the sale of the lumber, for whatever it was worth, if any thing, and we cannot see that any error was committed in the admission of that conversation in evidence.

Nor can we say that the court erred in permitting Yager to be inquired of concerning that conversation on his cross-examination. Yager's admission that such a conversation occurred was a fact proper to be considered in connection with his testimony in chief, and particularly that portion of it in which he claimed that he had himself bought the lumber in dispute.

As has been seen, the testimony on the trial was sharply conflicting, but there was evidence directly tending to sustain the finding. Under the well established practice of this court, we cannot, under such circumstances, disturb the finding. That rule of practice is too definitely settled to require the citation of authorities to sustain it.

No sufficient reason is shown for the reversal of the judgment.

The judgment is affirmed, at the costs of the appellant.