### KELLNER v. PHILLIPS •ET AL.

[No. 3,486. Filed May 16, 1902.]

EVIDENCE.—*Hearsay.*—In an action on an assignment of a street improvement contract in which a part of the consideration was to be paid in street improvement bonds, a receipt by one who assigned the contract to defendants, acknowledging the receipt of certain improvement bonds from the city treasurer, was improperly admitted in evidence; since it was a statement, not under oath, by a stranger to the issue, made after plaintiff had acquired his interest in the contract.

From Blackford Circuit Court; *E. C. Vaughn*, Judge.

Action by John F. Kellner against Granville Phillips and others on an assignment of a street improvement contract. From a judgment for defendants, plaintiff appeals. *Reversed.*

*G. A. Mason, S. W. Cantwell* and *L. B. Simmons*, for appellant.

*J. A. Hindman*, for appellees.

BLACK, J.—In 1893 the town of Montpelier contracted with one Thomas J. Scanlon for the improvement of Adams street, and soon afterward for the improvement of Main street, in that town. After partially performing the work, Scanlon assigned his interest in the contract relating to Adams street to one David A. Walmer. In January, 1894, Scanlon and Walmer assigned the contracts to Granville Phillips and James M. Sutton, appellees. The consideration for this assignment, which was in writing, was conditional in part upon the amount of claims outstanding for the improvement of the streets under the contracts. Phillips and Sutton were to pay Scanlon and Walmer $5,650. For the sum of $2,000 of this amount Phillips and Sutton were

Kellner *v.* Phillips.

to give their note, which they did, and this note was paid at its maturity. The remainder of the consideration, being $3,650, was to be paid in Adams street improvement bonds, at par, when the street should be completed and bonds should be issued by the town in payment therefor; but if such outstanding claims should exceed $10,000, the excess should be deducted from the amount to be paid by Phillips and Sutton; that is, if the orders from the contractor and the certificates of assessment which had been issued during the progress of the work, before the last mentioned assignment, should amount to more than $10,000, the excess over that amount should be deducted from the amount so payable by Phillips and Sutton. Walmer, on the 30th of January, 1894, assigned his interest in this contract with Phillips and Sutton to Scanlon, who in turn assigned to appellant, April 11, 1894.

The appellant brought his action to recover upon the contract of Phillips and Sutton, Walmer and Scanlon being made defendants to answer as to their interests, in the Jay Circuit Court, from which the venue was changed to the court below, where, upon trial, the court specially found that at the time of the execution by Phillips and Sutton of their contract sued on, such outstanding claims amounted to more than $10,000, the excess so found being $3,835.02, and therefore the court's decision was adverse to the appellant, the overruling of whose motion for a new trial is assigned as error.

The contention of counsel relates in large part to the question whether or not a certain order for the payment of a specified sum issued by the contractor prior to the assignment to Phillips and Sutton, the amount of which was included in such excess found by the court, represented the indebtedness for which seven certain certificates of assessment were issued, some before and some after the date of the order in question, which certificates aggregated an amount almost the same as that specified in the order; the question there-

fore being whether or not the court allowed the same out-
standing indebtedness twice. We think it proper not to ex-
press any opinion as to the evidence relating to this matter,
in view of the conclusion which we have reached upon an-
other cause for a new trial. Many of the causes assigned in
the motion for a new trial are so meagerly and unsatisfac-
torily presented in argument as not to deserve special notice.
As to some of them, too, there is want of necessary agree-
ment between them and the bill of exceptions containing the
evidence. One ground stated in the motion relates to the
admissibility, over the objection of the plaintiff, of certain
evidence introduced in behalf of the defendants, being a
certain receipt proved to be in the handwriting of D. A.
Walmer, dated after his assignment to Sutton, and after
Sutton's assignment to the appellant, as follows: "Montpe-
lier, Indiana, 1-8, 1895. Received of J. W. Brodenick,
treasurer, $5,974.68 in bonds (No. 1, 2, 3, and 4) for the
improvement of Adams street, Montpelier, Indiana. $5,-
974.68. D. A. Walmer & Co." Counsel for Phillips and
Sutton say in argument that the purpose of this evidence
was to corroborate certain witnesses, one of them, Sutton,
upon the principal question involved, and to dispute a cer-
tain other witness on the same question; that this receipt,
with others, conclusively showed an important matter re-
lating to that question. Therefore it is not pretended that
the evidence was unimportant, but, on the contrary, it is
claimed to have been material evidence for Phillips and
Sutton.

Manifestly, the receipt was introduced for the purpose of
proving thereby that the improvement bonds mentioned
therein were, at its date, received from the treasurer by "D.
A. Walmer & Co." It was the statement, not under oath, of
persons not parties to the issue on the trial of which it was
introduced, but strangers to the issue, made after the appel-
lant had acquired his interest in the contract. It seems suffi-
ciently clear that this evidence was merely hearsay as

against the appellant; and we are not at liberty to suppose that it was uninfluential or harmless.

Judgment reversed, and cause remanded for a new trial.