## GEORGE ET AL. *v.* HURST.

[No. 4,582.   Filed November 24, 1903.]

EVIDENCE.—*Hearsay.*—In an action on a promissory note, defended on the ground that plaintiff was not the owner of the note, a letter written to defendants by a third person, tending to show that he was the owner of the note, was inadmissible.   *pp. 662, 663.*

WITNESSES.—*Privileged Communications.*—*Attorney and Client.*—Statements made by defendant to her attorney in reference to the ownership of a note are privileged, under subdivision three of §505 Burns 1901, and the court erred in requiring defendant, over objection, to testify to such statements in an action on the note. *pp. 663, 664.*

From Sullivan Circuit Court; *O. B. Harris,* Judge.

Action by Dennis Hurst against Flora George and another. From a judgment for plaintiff, defendants appeal. *Reversed.*

*S. R. Hamill, A. J. Kelley, G. W. Buff* and *W. P. Stratton,* for appellants.

*S. A. Hughes, G. D. Caldwell, J. O. Piety, C. D. Hunt, J. T. Hays* and *W. H. Hays,* for appellee.

COMSTOCK, J.—This action was instituted in the Vigo Circuit Court by the appellee against the appellants upon a promissory note for $450 claimed to have been executed by appellants to the appellee.   To the complaint the appellant Flora George filed an answer in two paragraphs; in the first pleading want of consideration; in the second *non est factum.*   The appellant Alice Hunter filed her separate answer in three paragraphs; in the first pleading want of consideration; in the second that she executed the note as surety for her codefendant Flora George, and received no consideration therefor, and that at the time she so executed said note she was, and still is, a married woman; in the third *non est factum.*   Appellee replied to the separate answer of Flora George by a general denial, and to the separate answer of Alice Hunter he filed two par-

agraphs of reply. The first is a general denial. In the second he admits that at the time said Alice Hunter signed the note sued on she was, and still is, a married woman, but that the note was executed as evidence of a loan of money made by him and paid to her at the time for her own use and benefit.

At this stage of the proceedings the venue was changed from the Vigo Circuit Court to the Sullivan Circuit Court in which last-named court the appellants filed a joint answer, in which they alleged, in substance, that at the time they signed the note one Wright L. Kidder was alive; that a note was signed by the appellants, with the name of the payee left blank, at the request of the said Wright L. Kidder; that said note was executed in consideration of the sum of $450, money advanced to the appellant Flora George by the said Wright L. Kidder; that said Flora George was principal in said note, and the said Alice Hunter surety thereon; .that subsequent to the signing of said note the name of appellee was written in said note without the knowledge or consent of the appellants. The said joint answer further alleges that on the 8th day of August, 1901, Wright L. Kidder departed this life, leaving as his only heirs at law his widow, Elizabeth Kidder, and two sons, Frank L. and Edson W.; that Edson W. and Elizabeth Kidder were, by the Vigo Circuit Court, duly appointed administrator and administratrix of the estate of said Wright L. Kidder; that said estate has been finally settled, and the administratrix and administrator finally discharged; that all the debts of said estate have been fully paid; that on the 11th day of January, 1902, Edson W. Kidder departed this life, leaving as his only heirs at law his widow, Kate Kidder, and two children, Katherine and Margaret; that Kate Kidder has been duly appointed administratrix of the estate of Edson W. Kidder, and said estate is now pending settlement in the Vigo Circuit Court. Appellee replied to the joint answer by general denial. A

trial by the court without the intervention of a jury resulted in a judgment in favor of the appellee for $624.80. The overruling of appellants' motion for a new trial is the only error assigned.

The first reason for a new trial discussed is the exclusion as evidence of an envelope addressed to Flora George, Indianapolis, Indiana, with postmark dated June 27, 1897; the second, exclusion of the letter identified by appellant as the one received by due course of mail, and enclosed in said envelope addressed to her at Indianapolis, at which place she was then residing. It appears from the evidence that appellee introduced appellant George to one Wright L. Kidder, by whom he had been formerly employed. The testimony tends strongly to show that subsequently, for a number of years, improper relations existed between said Kidder and said George. The testimony also tends strongly to show that in delivering the money for which the note in suit was executed, appellee was acting as the agent of Kidder and retained $50 out of the $450 furnished by Kidder for procuring the money. Appellant George testified that appellee told her that Kidder was going to get her the money; that subsequently it was done, and the note which appellee testified had been filled out by Kidder was signed; that when the note was signed it did not contain the date of payment nor the name of the payee. Appellant Hunter testified that she could not read nor write. She signed the note with a cross mark. They both testified that when the note was presented for signature appellee told them it was not necessary that it should have the time of payment or the name of the payee, that he only wanted their signatures that Mr. Kidder might know that he (appellee) had delivered the money. Appellants testified that appellant Hunter got no part of the money, and signed the note as surety for appellant George. Appellants were married women. There was a conflict in the testimony as to the condition of the note when it was

signed, as to the amount of the money paid over, and to whom it was delivered. Appellants testified that the money was delivered to Mrs. George, appellee, that $200 of it was given to Mrs. George and $200 to Mrs. Hunter. Upon appellee's own testimony appellant Hunter was surety for $200 of the consideration of the note. The letter sought to be introduced was not signed, but Mrs. George testified that the address on said envelope was in the handwriting of Kidder. The letter tended to show that the writer had furnished the money, and was the owner and holder of the note in question.

Appellants contend that the letter should have been admitted in evidence as "a declaration in disparagement of the title of the declarant" and for the purpose of showing that appellee was the agent of Kidder. We think it was not competent for either reason. Kidder was not a party to the action, and appellee was not claiming under him. The letter amounted to no more than a statement of a third person made out of court, not under oath, and not in the presence of appellee. It was hearsay.

Exceptions were taken to the following questions put to the appellant George, on cross-examination, while testifying as a witness: "Will you tell the court whether or not before that time, December 12, 1901, you had told your attorneys that this note belonged to Kidder? Did you tell your attorneys this note belonged to Kidder before you swore to this answer here? What is your best judgment as to whether you told your attorneys Kidder owned this note before or after you signed this affidavit? Did you tell your attorneys this was Kidder's money before you had signed that answer? Did you tell the attorneys all about it before you filed the answer?" As a general rule the communications of a client to his attorney are privileged. The evidence in the case at bar does not bring it within the exception. *Reed* v. *Smith,* 2 Ind. 160; *Borum* v. *Fouts,* 15 Ind. 50; *Bowers* v. *Briggs,* 20 Ind.

139; *Oliver* v. *Pale,* 43 Ind. 132; *Penn, etc., Ins. Co.* v. *Wiler,* 100 Ind. 92, 50 Am. Rep. 769. Section 505 Burns 1901, subdivision 3, provides that attorneys, as to confidential communications made to them in the course of their professional business and as to advice given, shall not be compelled to testify. The same rule has been applied where the client was on the witness-stand. *Bigler* v. *Reyher,* 43 Ind. 112; *Hemenway* v. *Smith,* 28 Vt. 701; *Bobo* v. *Bryson,* 21 Ark. 387, 76 Am. Dec. 406. See, also, cases collected in footnote to *O'Brien* v. *Spaulding,* 66 Am. St. 213; *Citizens' St. R. Co.* v. *Shepherd,* 30 Ind. App. 193, and cases cited; *Harris* v. *Rupel,* 14 Ind. 209; *Excelsior Mut. Aid Assn.* v. *Riddle,* 91 Ind. 84; *Penn, etc., Ins. Co.* v. *Wiler, surpa.* Under the foregoing, and many other cases that might be cited, the testimony was incompetent.

The judgment is reversed, with instructions to sustain the motion for a new trial.