MAY TERM, 1916.                                     421

Coca Cola Bottling Co. *v.* International Filter Co.—62 Ind. App. 421.

## Coca Cola Bottling Company *v.* International Filter Company.

[No. 9,047.   Filed June 20, 1916.]

1. APPEAL.—*Review.—Admissibility of Evidence.—Harmless Error.* —Where, in an action for goods sold and delivered, there was filed with the complaint, as an exhibit, what purported to be a duplicate of the order for the goods, the error, if any, in admitting the duplicate in evidence without proof of its execution was cured by the admission in defendant's deposition that the exhibit was a correct copy of the order and by the introduction of the original order. p. 423.

2. EVIDENCE.—*Admissions.—Effect.*—An admission as to a writing is like an admission as to any other fact, and it justifies the introduction of the writing in evidence.   p. 423.

3. EVIDENCE.—*Admissibility.—Written Memorandum.*—In an action by a vendor against a vendee to collect for goods sold, a memorandum given the vendor by the carrier showing the receipt of the goods, the original bill of lading being unaccounted for, is not admissible in evidence except to refresh the recollection of a witness otherwise competent to testify concerning the shipment or merely to show that a receipt for the goods had been given by the carrier, but such memorandum is not competent primary evidence of its contents, since it is entirely hearsay as to such facts.   p. 424.

4. SALES.—*Remedies of Seller.—Evidence.—Sufficiency.*—Where, in an action to collect for goods sold, the contract of sale provided that the buyer was entitled to thirty-five days from the date of shipment in which to test a filter and the evidence merely showed that the filter was shipped sometime after February 6, and returned to the seller on March 24, the evidence is insufficient to hold the buyer liable on the ground that he had retained the filter for a longer time than allowed for the test.   p. 425.

From Vigo Superior Court; *John E. Cox*, Judge.

Action by the International Filter Company against the Coca Cola Bottling Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*George M. Crane, A. L. Miller* and *Orion B. Harris*, for appellant.

*John S. Jordan* and *Charles S. Pulliam*, for appellee.

IBACH, J.—This was an action by appellee in the form of a common count for goods sold and delivered to recover the price of a filter alleged to have been sold and delivered to appellant. Error is assigned only in overruling appellant's motion for a new trial. The questions involved hinge upon the admissibility in evidence of three written instruments. If these were improperly admitted over appellant's objection, there was not sufficient competent evidence to sustain the decision.

The first two of these instruments are "Exhibit A" to the complaint and "Exhibit A" to the deposition of witness Engel. "Exhibit A" to the complaint purports to be the duplicate of an order from appellant to appellee, dated February 6, 1911, for the shipment of a filter to be paid for in installments. It contains the following conditions:

"It is understood that this filter and unused discs are to be returned for credit in good condition to International Filter Co., at Chicago within thirty-five days from date of shipment, if directions for use are followed, and the results obtained are not satisfactory. All conditions are expressed herein. No verbal agreement will be recognized."

It is urged that "Exhibit A" to the complaint was erroneously admitted because it was filed with the complaint merely as a bill of particulars, and not as a contract sued on; and that "Exhibit A" to the deposition of Engel was erroneously admitted because its execution was not proven and, since the suit was not founded on this exhibit, it was not referred to in the pleadings, and no notice was served on appellant that it would be offered in evidence, in accordance with §§370, 501, Burns 1914, §§364, 478 R. S. 1881. However, appellant, in answer to interrogatory No. 1 submitted to it,

admitted that "Exhibit A," filed with and made part of the complaint, was a true copy of the 1. order given by appellant to appellee for the filter and discs for which payment is sought in this action. "Exhibit A" to the deposition of Engel was in the exact words of "Exhibit A" to the complaint, except that it purported to be the original of which the exhibit to the complaint was the duplicate. Appellee's secretary identified this exhibit as the order received, and testified that he ordered its entry on appellee's books, and appellant, by answer to interrogatory No. 4, admits that the filter was shipped upon the order referred to in interrogatory No. 1. If there was any technical error in the admission of the "Exhibit A" to the complaint without proof of its execution, this was removed when later the original order was identified by appellee's secretary as the order received and entered by him, and by the admission in answer to the interrogatory that the "Exhibit A" to the complaint was a true copy of the order; and no harm was done appellant. An admission as to a writing is like an admission as to any other 2. fact, and it justifies the introduction of the writing in evidence. *Dunbar* v. *United States* (1894), 156 U. S. 185, 15 Sup. Ct. 325, 39 L. Ed. 390; *Loomis* v. *Wadhams* (1857), 8 Gray (Mass.) 557; *Smith* v. *Palmer* (1850), 6 Cush. (Mass.) 513; 1 Ency. Ev. 602. See, also, *Unger* v. *Mellinger* (1908), 43 Ind. App. 524, 88 N. E. 74; *Combs* v. *Union Trust Co.* (1896), 146 Ind. 688, 46 N. E. 16; *Aspell* v. *Smith* (1890), 134 Pa. St. 59, 19 Atl. 484. The admission that the exhibit was a true copy of the order was an admission that the terms of the order were correctly expressed in it.

"Exhibit D" to the deposition of Engel was a

424     APPELLATE COURT OF INDIANA,

Coca Cola Bottling Co. v. International Filter Co.—62 Ind. App. 421.

memorandum concerning a bill of lading, part of which was in the following words:

"Use in connection with Standard Form Bill of Lading. ——s Memorandum is an acknowledgment that an Agent's No. —— Bill of Lading has been issued, and is not the original Bill of Lading, nor a copy or duplicate, covering the property named herein, and is intended solely for filing or record. .

"Received   *   *   *   on the date of the receipt by the carrier of the property described in the Original Bill of Lading, at Chicago, Ill., February 8, 1911, from International Filter Co., the property described below: Consigned to Coca Cola Bottling Co., destination Terre Haute, State of Indiana."

The shipment was described. The memorandum purported to be signed by appellee and the Pennsylvania Company. Appellant contends that this memorandum was not admissible because its execution was not proven, the original bill of lading was not accounted for, and because it did not purport to be a copy or duplicate.

Appellee's secretary had stated that the goods in suit were shipped in response to an order from appellants, and that "Exhibit D" was the receipt which the carrier, the Pennsylvania Company, had given for them. This exhibit 3. shows on its face that it is not an original bill of lading, or a copy or duplicate, and it would not be admissible in evidence to prove a bill of lading, without first accounting for the original bill, or its duplicate, under the best evidence rule. The exhibit purports to be an original memorandum of the receipt of certain property by a carrier, for which a bill of lading had been issued, and, as between the shipper and the carrier, it would have been primary evidence as to the fact and date of

receipt of such goods. As to appellant it could have been used to refresh the recollection of a witness otherwise competent to testify concerning the shipment, but the writing itself was not competent as original evidence against appellant of the correctness of its contents. There was no proof of its execution, and no proof that it was a correct record of the fact and date of shipment of the goods. Appellee's secretary had no personal knowledge of its execution or its correctness, and it was admissible in evidence merely for the purpose of showing that a receipt for the goods had been given by the carrier, but it was not competent evidence of any fact contained in it, as to which there was no independent evidence. It was entirely hearsay as to such facts, the declaration of strangers to the record made out of court. 16 Cyc 1196, 1216; *Kellner* v. *Phillips* (1901), 29 Ind. App. 100, 63 N. E. 877; *Loomis* v. *Stevens* (1897), 18 Ind. App. 184, 47 N. E. 237; *Walling* v. *Morgan County* (1899), 126 Ala. 326, 28 South. 433; *Tobler* v. *Austin* (1902), (Tex.) 71 S. W. 407; *Ft. Worth, etc., R. Co.* v. *Cauble* (1906), 41 Tex. Civ. App. 348, 91 S. W. 244; *Texas, etc., R. Co.* v. *Leggett* (1905), 86 S. W. 1066; *Phenix Ins. Co.* v. *Hart* (1900), 112 Ga. 765, 38 S. E. 67; *Price* v. *Standard Life, etc., Ins. Co.* (1903), 90 Minn. 264, 95 N. W. 1118; *Foster* v. *Fidelity, etc., Co.* (1898), 99 Wis. 447, 75 N. W. 69, 40 L. R. A. 833; *Railway, etc., Ass'n* v. *Robinson* (1893), 147 Ill. 138, 35 N. E. 174.

Appellant's contention, which is supported by its evidence, is that appellant was to have thirty-five days to actually test the filter; that it was received by appellant on February 18, tested twenty-five days and reshipped on March 21 to appellee, who received it on March 24. Appellee's contention is that the sale was complete if the

filter was not returned within thirty-five days from the date of shipment, and that it was shipped on February 8, and therefore not returned within thirty-five days from that date. However, the only evidence to show that the filter was shipped on February 8 is "Exhibit D" to the admission of Engel above referred to, and this is incompetent to prove the date of shipment. There is no other evidence as to the exact date of shipment, except that it was later than February 6. This being the condition of the evidence, appellee has failed to prove an essential element of its case, namely, that the filter was not returned to it within thirty-five days from the date of shipment. The decision of the court is not sustained by sufficient evidence, and the judgment is reversed, with directions to sustain appellant's motion for new trial.

NOTE.—Reported in 113 N. E. 17. See under (1) 4 C. J. 983; 38 Cyc 1432; (2) 16 Cyc. 942; (3) 16 Cyc 1196, 1216.