## SPECK v. KRAMER.

[No. 12,221.    Filed March 9, 1926.    Rehearing denied May 20, 1926.]

1. MONEY RECEIVED.—*Complaint for money received sufficiently specific when the amounts and dates are given.*—A complaint for money had and received which alleges the dates and the amounts of money received is not subject to a motion to make more specific.    p. 650.

2 MONEY RECEIVED.—*Complaint for money received held sufficient.*—A complaint for money had and received is not subject to demurrer because it does not show that the defendant had the money at the time the action was begun. p. 650.

3. MONEY RECEIVED.—*Money paid to promoters of a corporation for stock therein may be recovered when the company was never organized.*—One paying money to promoters of a corporation for stock therein may recover it in an action for money had and received when the company was never incorporated, on the theory of a failure of consideration. p. 650.

4. EVIDENCE.—*Letter from third party to defendant held properly excluded as hearsay, although the writer was dead.*—In an action for money had and received to recover money paid for stock in a mining corporation to be incorporated in Arizona, a letter from a third party to the defendant concerning condition of affairs in that state was hearsay and properly excluded. p. 650.

From Vanderburgh Probate Court; *Elmer Q. Lockyear,* Judge.

Action by Herman S. Kramer against Phillip Speck. From a judgment for the plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Edward E. Meyer* and *Phelps F. Darby,* for appellant.

*James H. Meyer, Posey T. Kime* and *C. Z. Cambron,* for appellee.

THOMPSON, J.—This is an appeal from an action by appellee against appellant for money had and received on a complaint as follows: "That on or about March 6, 1920, the defendant became indebted to the plaintiff in the sum of seven hundred dollars for money had and received by the defendant for the use and benefit of the plaintiff; that said seven hundred dollars was paid by plaintiff to defendant at defendant's special instance and request; that said seven hundred dollars was paid by plaintiff to defendant upon a consideration which has wholly failed; that said seven hundred dollars remains

due and unpaid. Wherefore plaintiff demands judgment for seven hundred dollars and for all other proper relief."

Appellant filed a motion to make the complaint more specific, which motion was overruled, and appellant excepted. Appellant also filed a demurrer to the complaint, which was overruled, to which ruling the appellant excepted. Appellant then filed answer of general denial.

There was a request for a special finding of facts and conclusions of law. The facts so found by the court are, in substance, as follows: That on January 19, 1920, appellee paid to appellant the sum of forty dollars, and on March 6, 1920, the sum of $460, to be in payment for stock in the White Star Mining Company, which company was to be thereafter organized by appellant, who resided in Evansville, Indiana, and by one J. W. White of Arizona; that on March 6, 1920, said Speck and White, by their contract with appellee, agreed to organize said mining company; that said Speck and White were to immediately open up shafts and tunnels, and to begin the extraction of ore therein, and were also to build a road for hauling machinery into said mine, and for the hauling of the ore from said mine to the smelter; that they were to purchase machinery to use in the operation of said mine; that said contract provided, among other provisions, as follows: "And the terms upon which I, H. S. Kramer, advance said money are as follows: Said White Star Mining Company, out of $550,000 of the promotion stock, will pay me ten shares of the par value of one dollar for each dollar I advance under this contract; the whole amount to be obtained by said J. W. White and Phillip Speck for the purpose herein indicated is $15,000 cash, for which $150,000 in stock, of the par value of one dol-

lar each, will be given to the various parties advancing the said $15,000"; that Phillip Speck sent the money to J. W. White, but without waiting for the full amount of $15,000 to be raised or used for the purpose contemplated in the contract, and said $15,000 was never subscribed or raised, except $1,800; and that it is further provided in the contract that all money advanced shall be paid to either White or Speck jointly, and shall be by them deposited with the contract, deeds and other valuable papers in escrow in the State Bank at Prescott, Arizona; that there was no evidence that any of said money was ever deposited in said bank; that all of said money was sent to J. W. White by Phillip Speck for the purpose of improving the property described in the contract; that said J. W. White died in 1921; that before the bringing of this action, Kramer, the appellee, demanded of Speck, the appellant, either the delivery of the stock in the White Star Mining Company or the money he had paid, which the defendant refused to do for the reason that J. W. White had died, which appellant claimed terminated the contract.

On the facts so found, the court stated three conclusions of law. Of these conclusions, it is necessary to consider only the third, which is, in substance, as follows: That appellee is entitled to recover of appellant the sum of $638 in principal and interest. Judgment was rendered for said amount, and appellant excepted. Appellant filed a motion for a new trial, which was overruled, and appellant excepted.

Appellant assigns as error: (1) The court erred in overruling appellant's motion to make the complaint more specific; (2) the court erred in overruling appellant's demurrer to the complaint; (3) the court erred in its conclusions of law; (4) the court erred in overruling appellant's motion for a new trial.

Considering these questions in their order, the ap-

pellant insists that the motion to make the complaint more specific should have been sustained, for the reason that the complaint does not show that appellant had in his hands the sum of $500 at the time the cause of action was begun, and cites Watson, Revision Works' Practice 826; *Harbaugh* v. *Tanner* (1904), 163 Ind. 574, 71 N. E. 145; *Wagoner* v. *Wilson* (1886), 108 Ind. 210, 8 N. E. 925. We have carefully considered these citations, but it is not the intent, in those authorities, to hold that one can get possession of money which in equity and good conscience belongs to another and defeat an action therefor by showing that he has disposed of the money. Such is not the law. There was no error in overruling motion to make complaint more specific. The complaint is good for money had and received, and the demurrer was properly overruled. *Boos* v. *Lang* (1904), 163 Ind. 445, 71 N. E. 120; *Southern R. Co.* v. *Hazlewood* (1909), 45 Ind. App. 478, 88 N. E. 636; *Lemans* v. *Wiley* (1884), 92 Ind. 436. The finding of facts shows that appellee paid the money to appellant, and was to receive therefor stock in the White Star Mining Company; that the company was never organized and no stock was ever issued. Under the facts thus found, we hold that there was a failure of consideration for the payment of the money, and an action will lie for money had and received. The court did not err in its conclusions of law.

Appellant, under his motion for a new trial, earnestly contends that: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; (3) the court erred in overruling certain objections to certain testimony offered, and that the court erred in excluding certain testimony offered. Especially does appellant complain because he was not permitted to introduce

appellant's exhibit No. 11, which was a communication from J. W. White to appellant concerning the condition of affairs in Arizona and was objected to as being hearsay. We think this letter was properly excluded, and the same can be said as to exhibit No. 10.

We find no reversible error in the record, and hold that the court did not err in overruling the motion for a new trial.

Judgment affirmed.