## INDIANAPOLIS BLUE PRINT AND MANUFACTURING COMPANY v. KENNEDY ET AL.

[No. 27,137. Filed March 6, 1939. Rehearing denied April 3, 1939.]

410

*Matson, Ross, McCord & Clifford, Adolph Schreiber, Harry T. Ice,* and *John M. Kitchen,* for appellant.

*Claycombe & Stump,* for appellees.

SHAKE, J.—This action was brought by the appellees Kennedy, Rodabaugh, and Ragan, as plaintiffs below, against the appellant and appellees Winn and Manley, as defendants, to recover a commission for services rendered in the reorganization and refinancing of Indianapolis Blue Print Company. The complaint was upon the theory that plaintiffs below had an express contract with persons interested in the undertaking, and that appellant, after its incorporation, ratified and adopted the contract. The complaint was answered by general denial. The cause was heard without the intervention of a jury and resulted in a verdict and judgment for $1,500 against the appellant. The appeal is from the denial of a motion for a new trial, the grounds of which were that the decision of the court was not sustained by sufficient evidence and was contrary to law.

Appellant has presented three propositions: (1) that there was no evidence of an express contract with said interested parties; (2) that there was no evidence of ratification by the appellant; and (3) that recovery on the *quantum meruit* cannot stand because the complaint was based on the theory of express contract. Appellees

concede appellant's third proposition, and admit that they do not seek to sustain the judgment on the theory of an implied contract. This leaves for consideration only the first and second propositions above stated, and calls for a review of the evidence.

Appellee Winn was for many years president and a substantial stockholder of Indianapolis Blue Print Company. The corporation became involved in financial difficulties which resulted in a receivership. Through an intermediary Winn contacted Kennedy, Rodabaugh, and Ragan and negotiated with them to find new capital and to effect a reorganization. Kennedy and Ragan were auditors of Columbia Construction Company, of which appellee Manley was president and principal stockholder. Through their efforts Manley became interested in the reorganization. The appellant corporation was formed with Winn as president; Manley as vice-president; and one Marbaugh, who was Manley's son-in-law, as secretary-treasurer. The new corporation acquired the assets of the Indianapolis Blue Print Company by purchase for $3,500, and common stock therefor was issued to Winn and Marbaugh. Preferred stock in the sum of $15,000 was issued to supply working capital. Columbia Construction Company furnished the funds for the common and preferred stock. There was evidence from which it may be inferred that before the reorganization was effected, Kennedy, Rodabaugh, and Ragan stated that they would expect a fee of 10 per cent, or $1,500, for their services, and that Winn and Manley consented thereto. The trial court was therefore warranted in concluding that the allegations of the complaint as to an express promotion contract between said parties was established.

In support of its proposition that there was no adoption of the contract on the part of the new corporation, appellant asserts that express action was required, and

that there could be no implied ratification. To sustain its contention appellant cities and relies upon *Cushion Heel Shoe Co.* v. *Hartt* (1913), 181 Ind. 167, 103 N. E. 1063, where it is stated (pp. 171, 172):

"We believe that the better reason and the weight of authority support the holding that, in the absence of statutory or charter provisions, a corporation will be held liable for services rendered by its promoters before incorporation only when, by express action taken after it has become a legal entity, it recognizes or affirms such claim."

The difficulty seems to arise from what is meant by the term "express action," as it is used in the rule just quoted. Manifestly no formal resolution of a board of directors is required to effect a ratification; yet something more is demanded than a mere acceptance of benefits which the corporation has no power to reject without uncreating itself. We believe the rule applicable may be more clearly stated as follows: a corporation may, in the absence of charter or statutory provisions to the contrary, make a promoters' contract its own in the same manner that it might itself enter into a contract of a similar nature as one of the original contracting parties. No more particular formality is required in the former case than is to be observed in the latter. This presupposes that there may be an implied ratification under some situations and, to the extent that the Cushion Heel Shoe case conflicts with this conclusion, it is disapproved. The rule which we have just stated seems to be in harmony with many well considered cases in this jurisdiction. *Seymour Imp. Co.* v. *Viking Sprinkler Co.* (1928), 87 Ind. App. 179, 161 N. E. 389; *Mt. Pleasant Coal Co.* v. *Watts* (1930), 91 Ind. App. 501, 151 N. E. 7; *Hoosier Lumber Co.* v. *Spear* (1935), 99 Ind. App. 532, 189 N. E. 633. Transfer was denied by this court in the last two cases.

As a part of the promotion agreement Kennedy and

Ragan proposed to open a set of books and establish an accounting system for the new corporation. They ██ performed this service under circumstances sufficient to imply that the persons associated in the appellant company knew of their contract. Some of the testimony might have been excluded as hearsay but, in the absence of objection, this was entitled to be considered. *Stockwell et al.* v. *State ex rel. Johnson, Auditor* (1885), 101 Ind. 1; *Metropolitan Life Ins. Co.* v. *Lyons* (1912), 50 Ind. App. 534, 98 N. E. 824. The evidence is sufficient to sustain the trial court's finding of ratification.

Judgment affirmed.

Roll, J., absent.