LIBERTY COACH COMPANY, INC. *v.* BUTTS

[No. 18,713. Filed February 16, 1956. Rehearing denied April 3, 1956. Transfer denied May 25, 1956.]

516

*Albert B. Chipman,* of Plymouth, *Paul R. Moo,* and *Seebirt, Oare & Deahl,* of counsel, of South Bend, for appellant.

*Roland Obenchain, Jr.,* and *Roland Obenchain, Sr.,* of South Bend, for appellee.

KENDALL, J.—Appellee brought this action against appellant for damages for alleged conversion of three house-trailers purchased by appellee on a "floor plan" from appellant company.

Answer was filed by appellant denying the conversion. Trial was had by jury resulting in a verdict favoring appellee in the sum of Three Thousand, Two Hundred and Fifty ($3,250.00) Dollars, upon which appellee offered to remit all of the amount in excess of Three Thousand, Ninety Six Dollars and Thirteen Cents ($3,096.13), upon which latter amount judgment was entered. The specific charge of conversion against appellant is as follows:

"That on said date the defendant caused said trailer to be removed from the business premises of the plaintiff at 3010 Leopard Street, Corpus Christi, Texas by Liberty Trailer Sales of Texas, Inc. and John Barnard, by whom said trailers were sold for the sole benefit of the defendant and said Liberty Trailer Sales of Texas, Inc. and John Barnard;"

Motion for new trial, which was overruled, contended that the verdict of the jury was contrary to law and not sustained by sufficient evidence. Error of law occurring at the trial in the overruling of appellant's objection to introduction into evidence of appellee's exhibits five, six, seven, nine and eleven; error of court in giving to the jury appellee's tendered instructions one, two and three; error in overruling appellant's motion made at the close of the evidence requesting the court to instruct the jury to return a verdict in appellant's favor. The assignment of error is the overruling of the motion for new trial.

In order to properly understand the issue involved, it is well to briefly review the evidence which reveals that the appellee was engaged as a franchised dealer of appellant in Corpus Christi, Texas, from July, 1951 to July, 1954; that he received his units at Bremen, Indiana, at which time he made a down-payment, the balance of the purchase price being floor-planned with the Michigan National Bank. Appellee testified that when he started that business, he arranged to finance his units with the bank and a Mr. Buck of appellant company. When appellee received a trailer from appellant, he paid twenty (20%) percent of the wholesale price, plus freight. Of the amount which was floor-planned with the bank, appellee paid six (6%) percent interest from the date of the contract with the bank. The appellee had ninety (90) days to sell the particular

unit involved, and, if it was sold within that time, he would then sell the retail contract to the bank, and the proceeds of the contract would be used to pay off the floor plan for the wholesale purchase price thereof. If the unit was not sold within ninety (90) days, appellee then could pay an additional ten (10%) percent of the wholesale price, plus interest, in advance, in which event, the bank would then give him another thirty (30) days within which to sell. If not sold within thirty (30) days, the bank would give him another extension. On all "time sales" appellee made, the bank withheld a reserve which appellee could not touch until the particular contract had been paid in full. When appellee first went to Corpus Christi, business was good, but in 1954, declined. It is undisputed that the three trailers involved in this law suit were all financed with the Michigan National Bank. The appellee was given Bills of Sale for each of the units, whereupon chattel mortgages were executed by appellee to the bank; that on each of the trailers, appellee had made a down payment of Six Hundred, Ninety Six Dollars and Eighty-three cents ($696.83); Six Hundred, Ninety Six Dollars and Eighty-six cents ($696.86); and Nine Hundred and Fifty-Seven ($957.00) Dollars, respectively. Additional payments were made on two of them in the sum of Three Hundred Dollars and Three Cents ($300.03) and Two Hundred, Ninety-Five Dollars and Eighty-six cents ($295.86). On the third trailer no additional payment was made; however, the interest was paid. The evidence further revealed that no demand was ever made upon the appellee by appellant for the possession of the trailers, and that appellee had no conversation with the Liberty Trailer Sales of Texas which was not a part of appellant company or Mr. Barnard of that concern. The appellee testified

that he had written to Mr. Spencer, President of appellant company, which letter was plaintiff's exhibit four, one paragraph of which is as follows:

> "I advised Drechsler at Michigan National Bank that I would be agreeable to dispose of my three Libertys at my invoice cost—I'll take the whole freight loss."

Mr. Spencer never replied, either by telephone or letter. In March, 1954, the Liberty Trailer Sales, owned and operated by John Barnard, at the request of the bank, picked up the three units involved in this law suit.

In view of the conclusion reached by this court, it is only necessary to discuss the specification of the new trial motion dealing with error of court in overruling appellant's objections to the introduction into evidence of appellee's exhibits five, six and seven.

The appellee was interrogated in his examination in chief as to any conversations or correspondence he had with the Michigan National Bank respecting the three trailers, which question was objected to by appellant on the basis that at that time there was no showing that Mr. Spencer, or anyone else from appellant company, was present, and, therefore, was altogether a third-party conversation which could not be binding upon appellant. The objection was overruled and the appellee testified as follows: "I received a phone call from Mr. Drechsler advising me that he had talked with Mr. Spencer at Liberty Coach Company and Mr. Spencer had instructed Mr. Drechsler to have the Liberty Trailer Sales of Texas at Fort Worth pick up my three trailers at my lot." At that point, the record reveals that appellant made a motion to strike out the answer and for permission to be heard on, in the absence of the jury. The court then reconsidered his

ruling and sustained appellant's motion to strike. There-
after, appellee offered in evidence his exhibit five which
purported to be a letter written to appellee by Mr.
Drechsler, Collection Manager of the Michigan Na-
tional Bank; also appellee's exhibit six which purported
to be a letter written to appellee by Neil G. Liefbroer,
Vice-President of the Michigan National Bank, and
appellee's exhibit seven being another letter written
to appellee by Mr. Liefbroer. Exhibit five purported to
give a recitation of steps taken by the bank concern-
ing the removal of the three trailers from appellee's
lot in Corpus Christi, as well as a summarization of
several telephone conversations and discussions by the
bank officials with officers of appellant's company. The
letter contained a statement that the bank felt that the
entire transaction was handled in a fair and unbiased
manner and hoped that the information provided there-
in gave appellee a complete understanding of the trans-
action. Exhibit six was signed by the Vice-President
of the bank in which he says that the trailers involved
were moved with the consent and instruction of the
Liberty Coach Company and requested appellee to
direct any further questions to appellant in reference
to his down payment. Exhibit seven was likewise writ-
ten by Mr. Liefbroer to the appellee to the effect that
Mr. Liefbroer was still waiting to see what Mr. Spencer
of appellant company would do in regard to the trailers.

Appellant objected further to the introduction into
evidence of exhibits five, six and seven on the basis
that up to that time there was no showing of
agency or any relationship of principal and
agent which would authorize the admission into
evidence of testimony by a third party regarding tele-
phone calls, conversations or correspondence with the
Michigan National Bank and appellee that would in

any degree be binding upon appellant. It was contended by appellant that this was a transaction between the bank and Mr. Butts which appellant had no control of up to that point because the evidence showed that Mr. Butts had given a note, a conditional sales contract and a chattel mortgage to appellant, who, in turn, had sold it to the bank, and that such an arrangement did not show such relationship that would make competent the offered exhibits, and that such exhibits were purely hearsay, twice removed. The trial court, notwithstanding the former ruling excluding oral testimony of the appellee concerning conversations with Mr. Drechsler in the absence of the appellant, overruled appellant's objections to the introduction into evidence of exhibits five, six and seven.

The test for the admissibility of writings, such as the one under consideration, is not dissimilar from those that apply to the admissibility of oral testimony offered at a trial. Any such writing is admissible only where it is relevant, material to the issue and competent under the general rules of law of evidence to prove such issue being litigated.

There was not any evidence, or evidence from which a reasonable inference can be drawn, that under the arrangements made there was any agency that the bank was acting for and on behalf of appellant and that what the bank did in authorizing the Texas firm to take the trailers was at the direction of appellant.

Exhibit five was nothing more than a written statement made out of court by the bank who was not a party to this action, which statement was made in the absence of appellant. Under such conditions, such exhibit is inadmissible in evidence as against the appellant company who alone was charged with conversion. A letter such as this one

which emanated from a source other than the party against whom it is sought to be introduced would have to have been authorized by the appellant to be binding. *Beebe* v. *Kirkpatrick* (1926), 321 Ill. 612, 152 N. E. 539.

The appellee chose to sue the appellant company alone. Exhibit five is a statement of facts of the contentions of the bank and, as presented, do not necessarily, under the theory of appellee's complaint, represent the sentiments of appellant. It is a well-settled rule that agency cannot be proved by evidence of statements and admissions of a supposed agent in the absence of the principal. *The Johnston Harvester Company* v. *Bartley* (1882), 81 Ind. 406; *Blair-Baker Horse Co.* v. *First Nat. Bank* (1905), 164 Ind. 77, 72 N. E. 1027; *Bankers Surety Co.* v. *German Investment, etc., Co.* (1920), 189 Ind. 311, 126 N. E. 6.

Generally speaking, the rights of an individual cannot be affected by written communications or statements of persons who act in an unofficial capacity in respect of matters to which he is a stranger. They are nothing more than hearsay and *res inter alios. Hegler* v. *Faulkner* (1893), 153 U. S. 109; *Bates* v. *Preble* (1893), 151 U. S. 149; *State* v. *Rozeboom* (1910), 145 Iowa 620, 124 N. W. 783. The reason being for this rule is the principle that unsworn written statements of living persons who may be produced in court as witnesses are not admissible.

In answer to appellant's objections to the introduction of exhibits five, six and seven, appellee argues that it was the function of the trial court to pass upon the authenticity of exhibits five, six, seven, nine and eleven; that such exhibits were authenticated not only by the course of the correspondence but by sworn testimony of witnesses who wrote them, being the bank officials. However true this may be, the appel-

lee overlooks the fact that the writer of the letters and their employer, the bank, were strangers to this law suit, were not parties thereto and that appellant had no way of cross-examining on the many facts, statements and conclusions contained therein which explained in detail the bank's attitude toward the disposition of the trailers. Such contentions do not lay down the bars for admission of hearsay evidence, either written or oral. Even though right and justice prevailed, as appellee contends, such facts, however highly motivated they may be, do not liberalize the long established rules of admission of evidence.

The case of *Loomis, Receiver* v. *Stevens* (1897), 18 Ind. App. 184, 47 N. E. 237 was an action in which a plumbing contractor purchased from his predecessors certain radiators to be installed in a new hotel. Defense was made in demand of payment therefor that the radiators were defective. During the trial the defendants offered a written statement signed by the owner of the hotel stating in substance that the radiators had proven unsatisfactory. Objection was made to the admission of the letter which was overruled, and the appeal of that ruling was the basis of error. This court in deciding, said:

> "The statement was made out of court by one not a party to the suit, in the absence of the appellant. We think this evidence was improperly admitted. It was not a question as to the competency of the fact to be proved, but as to the method of making the proof. Under the issues, it was competent to prove the settlement between the appellee and Barnett, and what then occurred. Barnett was present in court at the trial, and could have been called as a witness for that purpose."

The judgment of the trial court was reversed with instructions to sustain motion for new trial. To the

same general holding, see *Speck* v. *Kramer* (1926), 84 Ind. App. 646, 151 N. E. 37; *George* v. *Hurst* (1903), 31 Ind. App. 660, 68 N. E. 1031.

Had the appellant not made a timely objection, a different conclusion could be reached as to the correctness of the court's ruling. *Indianapolis Blue Print & Mfg. Co.* v. *Kennedy* (1939), 215 Ind. 409, 19 N. E. 2d 554; *State* v. *Schaller* (1942), 111 Ind. App. 128, 40 N. E. 2d 976; *Speck* v. *Kramer, supra; New Amsterdam Casualty Co.* v. *New Palestine Bank* (1915), 59 Ind. App. 69, 107 N. E. 554; *Gatling* v. *Newell* (1857), 9 Ind. 572.

Accordingly, therefore, this court adheres to the general rule that statements either written or oral made by third parties in the absence of the principal are inadmissible. *Henline* v. *Jacoby et al.* (1878), 62 Ind. 298; *George* v. *Hurst, supra; Kellner* v. *Phillips* (1901), 29 Ind. App. 100, 63 N. E. 877; *The Board of Commissioners of Allen County* v. *Bacon* (1884), 96 Ind. 31.

For these reasons, judgment reversed with instructions to sustain appellant's motion for new trial.

## ON PETITION FOR REHEARING

KENDALL, J.—Appellee's petition for rehearing contends that the writer of the opinion misunderstood, and the opinion erred in not stating the evidence most favorable to appellee as to the relation between the bank and the respective parties; error of court in treating the admission of certain exhibits described in the original opinion as hearsay, and that the same constituted reversible error; error in making the general statement, "even though right and justice prevailed", and, "however highly motivated they may be, do not liberalize the long-established rule of admission of evi-

dence." No new issue is presented other than what was before the court in the original presentation of this matter.

This court heard the argument of appellee's learned counsel and considered his briefs. We believe that we understood the issue presented as announced in the opinion and that the court did not err in failing to state the evidence most favorable to the appellee as outlined in the opinion; that the opinion as it deals with the working arrangement between the bank and the appellee, the manner of selling the trailers originally, is clear and concise, as well as the communications and letters from the bank (not a party to this law suit) with the appellee, as well as what occurred concerning taking possession of the trailers from the appellee at the request of the bank.

It must, at all times, be borne in mind that the Michigan National Bank who handled securing the possession of the trailers in Texas from appellee and the financing thereof was never a party to this law suit and is not the appellant herein, but to the contrary, the trailer sales company originally selling the trailers and about whom there is no evidence, ordered the same repossesed, is the appellant. Had the bank been a proper party, a different situation would have been presented to the trial court in the introduction and admission into evidence of the exhibits described in the original opinion.

The appellee himself chose whom he would sue; therefore, he must be bound by the rules of evidence applicable to a situation he caused to be presented. There is nothing in the petition for rehearing that convinces the court that it was proper to introduce into evidence appellee's exhibits five, six and seven, which instruments were the handiwork of the agents and employees

of the bank. We find no logic or legal reasoning how such instruments can bind a party who is not connected therewith and in view of the objection made by the appellant to the introduction of the same into evidence, this court is bound. It was the bank, not the appellant, who said that the transaction was handled in a fair and unbiased manner. We are without authority to hold contrary to the general rule that statements, either oral or written, made by third parties in the absence of the principal are admissible, and, on this basis, we think the petition for rehearing should be denied. Accordingly, therefore, rehearing is denied.

NOTE.—Reported in 132 N. E. 2d 149. Rehearing denied 133 N. E. 2d 66.